IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2005 JUN -9 P 2: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY and | ) | |
| SKILSTAF, INC., a corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05cv 545-W |
| | ) | Tallapoosa, Alabama,- |
| WILLIS INSURANCE SERVICES OF | ) | Alexander City Division |
| GEORGIA, INC. (f/k/a WILLIS CORROON | ) | Circuit Court Case No. CV-05-94 |
| CORPORATION OF GEORGIA, INC.), | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Willis Insurance Services of Georgia, Inc. ("Defendant") hereby gives notice of its removal of this action from the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, where it is now pending, to the United States District Court for the Middle District of Alabama, Eastern Division. Defendant states the following as grounds for this removal:

1.      There is diversity jurisdiction over this removed action under 28 U.S.C. § 1332.

2.      Defendant Willis is the only named Defendant in a civil action filed May 6, 2005, in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, Case No. CV-05-94, styled *Evanston Insurance Co. and Skilstaf, Inc. v. Willis Insurance Services of Georgia, Inc. (f/k/a Willis Corroon Corporation of Georgia, Inc.)*. Copies of all of process, pleadings, and orders served upon Defendant or contained in the clerk's records from the state court action are attached hereto as Exhibit "A."

1

3.    Defendant was served with process by certified mail in this action on May 10, 2005. Thus, this removal is timely under 28 U.S.C. § 1446(b), since Defendant filed this notice within thirty days of service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1325 (1999).

4.    This action could have been brought originally in the United States District Court, pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

5.    One of the named Plaintiffs in this action, Skilstaf, Inc., is now, and was when this action was commenced, a resident corporation of the State of Alabama with its principal place of business in the State of Alabama.  The other named Plaintiff in this action, Evanston Insurance Company, is now, and was when this action was commenced, a resident corporation of the State of Illinois with its principle place of business in the State of Illinois. *See* Affidavit of George R. Parker with exhibits, attached hereto as Exhibit "B."

6.    Defendant is now, and was when this action was commenced, a corporation organized under the laws of the State of Georgia with its principal place of business in Georgia and, therefore, is a citizen of the State of Georgia for purposes of determining diversity.  28 U.S.C. § 1332 (c)(1). *See* Affidavit of Holly Gay Young, attached hereto as Exhibit "C."

7.    Complete diversity exists because Defendant is a Georgia citizen, and (1) Plaintiff Skilstaf, Inc. is an Alabama citizen, and (2) Plaintiff Evanston Insurance Company is a resident of the State of Illinois and is incorporated in the State of Illinois (hereinafter jointly referred to as "Plaintiffs").

8.    Plaintiffs' Complaint on its face places more than $75,000 in controversy. Plaintiffs' breach of contract lawsuit against Defendant arises because of the alleged failure of Defendant (as Skilstaf, Inc.'s insurance broker) to put Travelers Casualty and Surety Company of America (as one of Skilstaf, Inc.'s insurers) on timely notice of an underlying lawsuit, styled *Ramstar Mills, Inc. v. Skilstaf, Inc., et al.,* Civil Action No. 99-V-26, Superior Court of Burke County, Georgia (hereinafter the "underlying lawsuit"), in which Skilstaf, Inc. was named as a Defendant and that was ultimately resolved for a confidential settlement amount. *See* Compl., ¶¶ 8-15. Plaintiffs admit that the party plaintiffs in the underlying lawsuit sought compensatory damages in the amount of $337,232.83, plus interest, attorneys' fees, and $500,000 of punitive damages. *Id.* at ¶ 6. As a result, Plaintiffs seek the following damages in their Complaint in this lawsuit:

a)    $102,543.08 to Evanston for defense fees and costs expended in the [underlying] Lawsuit;

b)    $50,000 to Skilstaf as payment of its deductible under the Evanston policy;

c)    The confidential amounts paid by Evanston and Skilstaf in settlement of the [underlying] Lawsuit; and

d)    All accrued interest and attorneys fees expended in this action.

Compl., p. 3 (*ad damnum* clause).

9.    Given the amount claimed in the underlying lawsuit and Plaintiffs' *ad damnum* clause in this lawsuit, it is clear that the claims of Plaintiffs in this case clearly exceed $75,000. In any event, the claims of Evanston expressly exceed $75,000: "$102,543.08 to Evanston for defense fees and costs expended in the [underlying] Lawsuit." *Id.* To the extent Skilstaf is

seeking less than $75,000, this Court may exercise supplemental jurisdiction over Skilstaf. *See* 28 U.S.C. § 1367; *Monroe v. Brown*, 256 F. Supp. 2d 1292 (M.D. Ala. 2003), *citing Chapman Funeral Home, Inc. v. National Linen Serv.*, 178 F. Supp. 2d 1247 (M.D. Ala. 2002).

10.    Because (1) the amount in controversy exceeds $75,000, and (2) all parties properly joined and served are of diverse citizenship, this case is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and is thus properly removable by Defendant pursuant to 28 U.S.C. § 1446(b).

11.    Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, and has served it upon counsel for all adverse parties. A copy of the Notice of Filing of Notice of Removal is attached hereto as "Exhibit D."

Defendant prays this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, and will prepare the true record of all proceedings that may have been had in the said Circuit Court.

4

Respectfully submitted,

*Rusha C. Smith*

Rusha C. Smith (SMI195)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

-and-

George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Attorneys for Defendant
Willis Insurance Services of Georgia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novak
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36102-2148

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 9th day of June, 2005.



OF COUNSEL

5

1/1337041.1

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.