IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 MAY -1 PM 3:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: _____ |
| ) | |
| GERIATRIC PSYCHOLOGICAL ) | |
| SERVICES, INC., BLAKE MARTIN, ) | CV-03-HGD-1007-S |
| MONICA FOMBY, AND PSYCHNET ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR DECLARATORY JUDGMENT

### INTRODUCTION

This petition for declaratory judgment asks the court to address the issue of what, if any, insurance coverage and/or other obligations are owed by the Plaintiff, Evanston Insurance Company, to the Defendants as it related to a lawsuit filed in Jefferson County, Alabama as CV-02-7383.

### PARTIES

1.  The Plaintiff, Evanston Insurance Company ("Evanston"), is an Illinois corporation with its principal place of business in Chicago, Illinois, and is not a citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress creating diversity jurisdiction in the federal courts. Evanston is licensed to do business in the state of Alabama.

2.  To the best of Evanston's information and belief, the Defendant, Geriatric Psychological Services, Inc. ("GPS"), is an Alabama corporation with its principal place of

**EXHIBIT "2"**

business in Alabama. GPS is also a plaintiff in the lawsuit filed in the Circuit Court of Jefferson County, Alabama, as case number CV-02-7383. (*See* Underlying Complaint, attached hereto as *Exhibit 1*).

3. The Defendant, Blake Martin ("Martin"), is an individual whose principal place of residence is Alabama. Martin is also a Defendant in the lawsuit filed in the Circuit Court of Jefferson County, Alabama, as case number CV-02-7383. (*See* Underlying Complaint, attached as *Exhibit 1*). To the best of Evanston's information and belief, Martin was an employee of Psychnet Services, Inc. ("Psychnet") in Alabama at the time of the events alleged in the Underlying Complaint. (*See* Underlying Complaint attached as *Exhibit 1*).

4. The Defendant, Monica Fomby ("Fomby"), is an individual whose principal place of residence is Alabama. Fomby is also a Defendant in the lawsuit filed in the Circuit Court of Jefferson County, Alabama, as case number CV-02-7383. (*See* Underlying Complaint, attached as *Exhibit 1*). To the best of Evanston's information and belief, Fomby was an employee of Psychnet Services, Inc. ("Psychnet") in Alabama at the time of the events alleged in the Underlying Complaint. (*See* Underlying Complaint attached as *Exhibit 1*).

5. To the best of Evanston's information and belief, the Defendant PsychNet Services, Inc. ("PsychNet") is an Alabama corporation with its principal place of business in Alabama. PsychNet is also a Defendant in the Underlying Complaint. (*See* Underlying Complaint attached as *Exhibit 1*).

## JURISDICTION

6. This is an action brought under the provisions of 28 U.S.C. § 2201, to determine the parties' rights, duties, status, and legal relations under the applicable policies of insurance issued by Evanston as it related to all Defendants.

7. The matter in controversy, in good faith, exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

8. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332, and venue is appropriate in the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Evanston issued to PsychNet Services an insurance policy, No. SM-817071 (*See* Policy No. SM-817071, attached hereto as *Exhibit 2*).

10. The policy issued by Evanston had an effective date of coverage from October 2, 2002 to October 2, 2003.

11. The Underlying Complaint, filed in the Circuit Court of Jefferson County, Alabama, as CV-02-7383 was filed on December 10, 2002. (*See* Underlying Complaint, *Exhibit 1*).

12. The Plaintiff in the Underlying Complaint is Geriatric Psychological Services, Inc. (GPS). (*See* Underlying, Complaint, *Exhibit 1*).

13. The Plaintiff in the Underlying Complaint, GPS, is suing for alleged conversion, defamation, intentional interference with business relations, trespass, and

3

conspiracy.

14. The Plaintiff in the Underlying Complaint alleges that the Defendants converted property belonging to GPS, committed intentional trespass to the property, intentionally interfered with GPS's business relationships, defamed GPS, and formed a conspiracy to commit the described torts.

15. The Underlying Complaint is drafted to allege five counts against the Defendants, PsychNet, Martin, and Fomby.

16. The first count of the Underlying Complaint alleges that Defendants, PsychNet, Martin, and Fomby, converted "information, materials, trade secrets, proprietary information and intellectual property . . . to their own use and damaged GPS thereby."

17. In the second count of the Underlying Complaint, the Plaintiff alleges that the Defendants made "false, slanderous and defamatory [misrepresentations, which were] calculated to damage the reputation of GPS and did, in fact, damage GPS."

18. The third count of the Underlying Complaint alleges that the Defendants "misappropriated the proprietary information regarding GPS's business relations . . . and intentionally interfered in the business relations GPS had with its customers . . ."

19. In the fourth count of the Underlying Complaint, the Plaintiff alleges that the Defendants "have taken possession of the intellectual property, trade secrets, proprietary organizational and training materials or [sic] GPS and remain in possession of the said property of GPS despite demands to return it . . . [and] have committed intentionally a trespass to property in which GPS has a legally protected interest."

20. The fourth count of the Underlying Complaint alleges that Defendants Martin and Fomby "took trade secrets, intellectual property, customer lists and proprietary

4

materials belonging to GPS . . . and conspired with one another to unlawfully deprive GPS of its property and customers."

21.  In reviewing the allegations of the Underlying Complaint, when compared to the policy, the events do not trigger coverage under the policies.

22.  In reviewing the allegations of the Underlying Complaint, when compared to the policy, the exclusions of the policy exclude coverage for the allegations.

23.  In reviewing the allegations of the Underlying Complaint, when compared to the policy, the events outlined in the Underlying Complaint do not allege an occurrence as defined in the policy.

24.  In reviewing the allegations of the Underlying Complaint, when compared to the policy, the injuries sustained were expected or intended from the standpoint of the insured, if the Plaintiff is able to prevail on the claims.

25.  In reviewing the allegations of the Underlying Complaint, when compared to the policy, the alleged injury does not meet the definition of personal injury arising out of any act, error, or omission in professional services rendered or that should have been rendered.

## EXCERPTS FROM POLICY

26.  Policy No. SM-817071 contains the following provisions:

**EVANSTON INSURANCE COMPANY**
**MARKEL**

Policy No. SM-817071
Prev. No. NEW
Prod. No. CN200

**DECLARATIONS -Specified Medical Professional and Specified General Liability Claims Made Policy:** This policy is limited to liability for only those CLAIMS THAT ARE

FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD. Please review the policy carefully.

THIS POLICY CONTAINS PROVISIONS THAT REDUCE THE LIMITS OF LIABILITY STATED IN THE POLICY BY THE COSTS OF LEGAL DEFENSE AND PERMIT LEGAL DEFENSE COSTS TO BE APPLIED AGAINST THE DEDUCTIBLE.

1. **NAMED INSURED:** PSYCHNET SYSTEMS, INC.
   a Corporation

2. **ADDRESS:** 2101 MAGNOLIA AVENUE, SUITE 411
   BIRMINGHAM, AL 35205

3. **PROFESSIONAL SERVICES OF THE INSURED:**
   Psychological Testing & Outpatient Psychotherapy Services

4. **SPECIFIED OPERATIONS, GOODS OR PRODUCTS OF THE INSURED:**
   Psychological Testing & Outpatient Psychotherapy Services

5. **POLICY PERIOD:** From October 2, 2002 to October 2, 2003 12:01 A.M. Standard Time at address of Insured stated above.

6. **RETROACTIVE DATE:** October 2, 2002

7. **LIMITS OF LIABILITY:**

   | | |
   |---|---|
   | Coverage 1: Each Claim, including claim expenses: | $1,000,000 |
   | Coverage 2: Each Occurrence, including claim expenses: | $1,000,000 |
   | Coverage 1 and Coverage 2 Combined: Policy Aggregate, including claim expenses: | $3,000,000 |

   * * * *

# EVANSTON INSURANCE COMPANY
**MARKEL**

---
**Endorsement**

---

Named Insured:
PSYCHNET SYSTEMS, INC.

Policy No.: SM-817071
Endorsement No.: 2
Effective Date: October 2, 2002

---

## AMENDMENT OF DEFINITION OF DAMAGES

In consideration of the amount paid, it is hereby understood and agreed that under **DEFINITIONS, Damages** is amended to the following:

**Damages** means, whenever used in this policy, money which an Insured is legally

6

obligated to pay for any claim to which this insurance applies and shall include judgments, awards, and settlements entered into with the Company's prior written consent. Such damages shall not include punitive or exemplary damages, statutory fines, statutory penalties, sanctions, taxes, or judiciary or statutorily increased or multiplied damages, or amounts which may be deemed uninsurable under the law pursuant to which this policy shall be construed. Nor shall damages include the return of or restitution of fees, profits, or charges for services rendered.

* * * *

**Specified Medical Professional Liability and General Liability Insurance Policy**

In Consideration of the payment of the premises and the deductible when due, and in reliance upon the underwriting information submitted on behalf of the Insured, and subject to the limits of liability show in the Declarations, and subject to all the terms of this insurance, the Company agrees with the Named Insured as follows:

**THE INSURED**

The Insured: The unqualified word "Insured", whenever used in this policy, means:

1. **As respects Coverages 1 and 2:**

    (a) the Named Insured as designed in the Declarations;

    (b) the Named Insured as designated in the Declarations defined as a partnership, joint venture, corporation; however, this Policy does not apply to any claims arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in the Declaration as Named Insured;

    (c) any principal, partner, officer, director, medical director, employee or volunteer worker of the Named Insured, while acting within the scope of his duties as such;

    (d) any former partner, director, medical director, or employee of the firm or predecessor firms designed in the declarations solely while acting within his professional capacity on behalf of said firm(s);

* * * *

**THE COVERAGE**

1. **Professional Liability and Claims Made Clause:** To pay on behalf of the Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as Damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD for Personal Injury arising out of any act, error, or omission in professional services rendered or that should have been rendered by the Insured or by any person for whose acts, errors or omissions the Insured is legally responsible, and arising out of the conduct of the Insured's profession as described in the Declarations provided always that such act, error or omission happens subsequent to the Retroactive Date as stated in the Declarations.

2. **General Liability and Claims Made Clause:** To pay on behalf of the

7

Insured all sums in excess of the deductible amount stated in the Declaration which the Insured shall become obligated to pay as Damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD for Personal Injury or Property Damage to which this Insurance applies caused by an Occurrence provided:

1. the Occurrence takes place subsequent to the Retroactive Date as stated in the Declarations; and

* * * *

## THE EXCLUSIONS

* * * *

2. **With respect to Coverage 1 only**, this policy does not apply:

   (a) to any Claim based upon or arising out of any dishonest, fraudulent, criminal, malicious or knowingly wrongful acts, errors or omissions intentionally committed by or at the direction of the Insured;

   (b) to liability arising out of the Insured's activities in his capacity as proprietor, superintendent, executive officer, director, medical director, partner, trustee or employee of any hospital, sanitarium, clinic with bed-and-board facilities, laboratory, business enterprise, or any governmental body, sub-division or agency not named as an Insured under this Policy unless such activities are mentioned in the application and listed in Item 10 of the Declarations:

   * * * *

   (d) to the liability of others assumed by the Insured under any contract or agreement, unless such liability would have attached to the Insured even in the absence of such contract or agreement;

* * * *

3. **With respect to Coverage 2 only**, this policy does not apply:

   * * * *

   (b) to any Claim based upon or arising out of Property Damage to premises alienated by the Named Insured arising out of such premises or any part thereof;

   * * * *

   (j) to any Claim based upon or arising out of Property Damage to:

   (i) property owned or occupied or rented to the Insured;

   (ii) property used by the Insured; or

   (iii) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control;

   but parts (ii) and (iii) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (iii) of this exclusion does not apply with respect to Property Damage (other than to Elevators) arising our of the use of an Elevator at premises owned by, rented to or controlled by the

8

Named Insured;

* * * *

## DEFINITIONS

**Claim** means, whenever used in this policy:

(a) Under Coverage 1, a demand received by the Insured for compensation for Damages, including the service of suit or institution of arbitration proceedings against the Coverage A Insured.

(b) Under Coverage 2, a notice received by the Insured of an intention to hold the Insured responsible for a Occurrence involving this policy and shall include the service of suit or institution of arbitration proceedings against the Insured.

* * * *

**Occurrence** means, whenever used in this policy an accident, including continuous or repeated exposure to substantially the same general harmful condition, which results in personal injury or property damage sustained after the Retroactive Date stated in the Declarations.

**Personal Injury** means whenever used in this policy:

(a) bodily injury, sickness or disease including death resulting therefrom sustained by any person;

(b) false arrest, detention or imprisonment, wrongful entry or eviction or other invasion of private occupancy, malicious prosecution or humiliation, except when maliciously inflicted by, at the direction of, or with the consent of acquiescence of the Insured;

(c) the publication or utterance of libel or slander or other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy except when maliciously published or uttered by, at the direction of, or with the consent or acquiescence of the Insured.

**Policy Period** means, whenever used in this policy, the period from the inception date of this policy to the policy expiration date as set forth in the Declarations or its earlier termination date, if any.

* * * *

**Property Damage** means, whenever used in this policy, physical injury to or destruction of tangible property, including consequential loss of use thereof, or loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an Occurrence

* * * *

9

## RELIEF SOUGHT

A real and justiciable controversy, arising out of opposing contentions as to respective legal rights and liabilities under the insurance policy, exists between or among the parties.

WHEREFORE, the Plaintiff, Evanston, request as follows:

1. that the Court take jurisdiction of this case;

2. that this Court determine that there is a proper cause for an action of Declaratory Judgment, that there is a bonafide controversy between the parties as to their rights, duties, status and liabilities as it related to the Underlying Complaint;

3. that the process of this Court be issued to the Defendants as provided by law and the rules of this Court, and that the Defendants be required by plead an answer to this Complaint for a Declaratory Judgment within the time required by law;

4. that upon a final hearing of this cause, this Court will declare the rights, duties, status, and legal relations of Evanston and the Defendants, under said policy of insurance issued by Evanston;

5. that upon a final hearing of this cause, this Honorable Court will ORDER, ADJUDGE, DECLARE, or DECREE that no coverage is afforded to PsychNet Services, Inc., Blake Martin, Monica Fomby, or any other party hereto, under the policy of insurance issued by Evanston for the allegations of the Underlying Complaint, and, further, that Evanston is not obligated or liable to defend or indemnify PsychNet Services, Inc., Blake Martin, Monica Fomby, or any other party hereto, and/or to pay any judgment or costs arising from said Underlying Complaint; and

6. Evanston prays for such other, further, and different relief to which it may be entitled and offers to do equity, and further requests, if it be mistaken and any special relief herein sought is denied, such other, further, or more general relief to which it may be entitled.

Respectfully submitted,

Jack B. Porterfield, Jr. (ASB-6717-F38J)
William T. Mills, II (ASB-0402-L72W)
Kathryn L. Harman (ASB-9171-M72K)
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

**OF COUNSEL:**
PORTERFIELD, HARPER & MILLS, P.A.
22 Inverness Center Parkway, Suite 600
Post Office Box 530790
Birmingham, Alabama 35253-0790
(205) 980-5000

Plaintiff's address:

Shand Morahan & Company, Inc.
Ten Parkway North, Suite 100
Deerfield, Illinois 60015

Defendants' addresses:

Geriatric Psychological Services
c/o Romaine S. Scott, III
2117 Magnolia Avenue
Birmingham, Alabama 35205

PsychNet Systems, Inc.
c/o Blake Martin, Agent
2101 Magnolia Avenue
Suite 411
Birmingham, AL 35205

Blake Martin, individually
PsychNet Services, Inc.
2101 Magnolia Avenue
Suite 411
Birmingham, AL 35205

Monica Fomby, individually
Psychnet Services, Inc.
2101 Magnolia Avenue
Suite 411
Birmingham, AL 35205