IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EVANSTON INSURANCE COMPANY,
Plaintiff,

v.

THE DOCTORS COMPANY,
Defendant.

## COMPLAINT

Plaintiff, Evanston Insurance Company, states its complaint against The Doctors Company, alleging:

### Parties and Jurisdiction

1. Plaintiff, Evanston Insurance Company ("Evanston"), is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

2. Defendant, The Doctors Company ("Doctors"), is a corporation organized under the laws of California with its principal place of business in California.

3. Doctors maintains systematic, continuous, and regular contacts with the State of Alabama and the Northern District of Alabama. It derives revenues from its dealings with Alabama residents and businesses, including residents and businesses within the Northern District of Alabama. Doctors is subject to personal jurisdiction in Alabama, and resides in the Northern District of Alabama making venue proper in this District under 28 U.S.C. §1391(a)(1).

4. A substantial part of the events and omissions giving rise to the claims occurred in the Northern District of Alabama, making venue also proper in this District under 28 U.S.C. §1391(a)(2).

5. This court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 since the parties are residents and citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### Facts

6. Southern Springs Healthcare Facility ("Southern Springs") is a nursing home in Bullock County, Alabama.

7. Doctors provided liability coverage to Southern Springs under an "occurrence" liability insurance policy from October 15, 1999, to February 7, 2000.

EXHIBIT "4"

8. Evanston provided liability coverage to Southern Springs under a "claims-made" liability insurance policy with a claim period that commenced on February 7, 2000.

9. Mary Glaze became a resident of Southern Springs in July of 1999. On March 2, 2000, her left leg was amputated following the development of pressure sores.

10. Mary Glaze sued Southern Springs on January 25, 2002 in the Circuit Court of Bullock County, Alabama on a claim of negligence.

11. Her allegation of negligence occurring as early as February 2000 triggered coverage under the Doctors "occurrence" policy.

12. The complaint, filed January 25, 2002, triggered coverage under the Evanston "claims-made" policy since the claim was made during the policy reporting period.

13. Doctors and Evanston hired an attorney to defend their insured and agreed to share the costs of defense equally.

14. Evanston, during the defense of the lawsuit, had duties to its insured arising under its insurance contract.

15. During the course of the lawsuit, Glaze offered to settle for $460,000, which was recommended by counsel for the insured.

16. Evanston requested that Doctors contribute to the settlement.

17. Doctors and Evanston attempted to agree on their respective contribution to the settlement of the lawsuit.

18. Doctors offered to contribute a small amount contending that it had a limited obligation to contribute to the settlement under its policy.

19. The insured requested that Doctors disclose its policy to Evanston, but Doctors adamantly refused.

20. Evanston requested that Doctors disclose its policy to Evanston, but Doctors adamantly refused.

21. Doctors refused to provide a copy of its insurance policy to Evanston, preventing an analysis of Evanston's duty to its insured by virtue of the "other insurance" clause within the Evanston policy as compared to the provisions of the Doctors policy.

22. Evanston made demand upon Doctors for contribution and advised Doctors that Evanston would file a lawsuit against Doctors for the entire amount of any settlement paid, or some lesser contribution depending on the language of the Doctors policy if it were disclosed.

23. Evanston, having made demand on Doctors and having advised Doctors of its intention to file suit to obtain reimbursement of the settlement monies paid or contribution to the settlement, determined to settle the lawsuit using its funds and to thereafter sue Doctors.

24. Counsel for the insured provided a copy of the proposed Settlement Agreement and General Release to both Doctors and Evanston.

25. Both Doctors and Evanston approved the terms and conditions of the Settlement Agreement and General Release.

26. On information and belief it is alleged that Doctors did not reserve its rights under its occurrence policy in defending the insured.

27. Evanston paid $460,000 to settle the lawsuit.

28. Doctors is obligated to reimburse Evanston, or to make a contribution to Evanston for the settlement payment.

29. Evanston has been required to pay attorneys to seek obtain the policy, attempt to analyze its significance, attempt to negotiate over contribution, and to obtain redress from Doctors. Doctors is obligated, under an exception to the American rule that each party bears its own attorney's fees, to pay Evanston's attorney's fees since it was a foreseeable consequence of the actions of Doctors that Evanston would be required to obtain lawyers and to file this suit in order to protect its insured and its rights with respect to its insured.

**Demand for Judgment**

30. Evanston demands judgment against Doctors for compensatory damages in the amount of $460,000, plus interest, costs, and attorney's fees.

_____
LEWIS W. PAGE, JR.         ASB-2860-P46L

_____
WILL J. PARKS, III         ASB-9748-K54W

ATTORNEYS FOR EVANSTON INSURANCE
COMPANY

Page Law Firm, L.L.C.
1933 Building, Suite 100
1933 Richard Arrington, Jr. Blvd. South
Birmingham, AL 35209-1262
205-939-3900
205-939-1300 (Facsimile)
www.pagelaw.com
lewis.page@pagelaw.com
will.parks@pagelaw.com

4

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222

**Plaintiffs demand trial by jury of the issues herein**

_____
Of Counsel

SERVE THE DEFENDANT AT THE FOLLOWING ADDRESS:

Willis Insurance Services of Georgia, Inc.
c/o The Corporation Company
200 Interstate Park, Suite 204
Montgomery, Alabama 36109

N:\10985 (30435)\PLEADINGS\Complaint SkilStaf vs. Willis.doc

C:\Documents and Settings\rkm\Local Settings\Temporary Internet Files\Complaint SkilStaf vs. Willis.doc

4