IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUN -9  P 2: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and SKILSTAF, INC., a corporation, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| WILLIS INSURANCE SERVICES OF GEORGIA, INC. (f/k/a WILLIS CORROON CORPORATION OF GEORGIA, INC.), | ) ) ) ) |
| Defendants. | ) ) |

CASE NO. 3:05CV545-W

Tallapoosa, Alabama,-
Alexander City Division
Circuit Court Case No. CV-05-94

### ANSWER TO PLAINTIFF SKILSTAF, INC.'S COMPLAINT

Defendant Willis Insurance Services of Georgia, Inc. ("this Defendant"), Defendant in the above-styled cause, answers the Complaint of Plaintiff Skilstaf, Inc. ("Plaintiff"),[1] as follows:

### First Defense

1.   This Defendant admits that it agreed to serve as an insurance broker for Plaintiff for a period of time at issue in the lawsuit. This Defendant further states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. Any other material averments, if any, contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.   This Defendant admits that it agreed to serve as an insurance broker for Plaintiff for a period of time at issue in the lawsuit, in exchange for a fee for services to be paid by Plaintiff to this Defendant. This Defendant further states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. Any other material averments, if any, contained in Paragraph 2 of Plaintiff's Complaint are denied.

---

[1] Contemporaneously herewith, this Defendant has filed a Motion to Dismiss the other Plaintiff in this case, Evanston Insurance Company.

1

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion, which does not require a response from this Defendant, and, therefore, it denies the same.

4. This Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. This Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. On information and belief, admitted.

7. This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and, therefore, it denies the same.

8. This Defendant states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. At this time, this Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint, and, therefore, it denies the same.

9. At this time, this Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint, and, therefore, it denies the same.

10. This Defendant denies each and every material allegation set forth in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. This Defendant denies each and every material allegation set forth in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. This Defendant denies each and every material allegation set forth in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint, and, therefore, it denies the same.

14. This Defendant denies each and every material allegation set forth in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. This Defendant denies each and every material allegation set forth in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. The unnumbered "WHEREFORE" paragraph in Plaintiff's Complaint does not require a response, but, to the extent one is deemed required, this Defendant denies the same and demands strict proof thereof.

### Second Defense

This Defendant pleads the general issue.

### Third Defense

This Defendant contests the injuries and the nature, type, and amount of damages alleged in Plaintiff's Complaint and, therefore, demands strict proof of any alleged injury or damage.

### Fourth Defense

This Defendant states that it is not indebted or liable to Plaintiff in any manner or amount whatsoever.

### Fifth Defense

Plaintiff failed to satisfy certain conditions precedent to the contract.

### Sixth Defense

This Defendant asserts the defense of accord and satisfaction.

### Seventh Defense

This Defendant asserts the defense of payment.

### Eighth Defense

This Defendant asserts the defense of ratification.

## Ninth Defense

This Defendant asserts the defense of release.

## Tenth Defense

This Defendant asserts the defense of recoupment.

## Eleventh Defense

This Defendant asserts the defense of setoff.

## Twelfth Defense

This Defendant pleads *forum non conveniens*.

## Thirteenth Defense

This Defendant denies that it breached any legal duty owed to Plaintiff and denies that its actions or inactions caused Plaintiff's alleged damages.

## Fourteenth Defense

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

## Fifteenth Defense

This Defendant denies that it proximately caused any of the damages alleged in Plaintiff's Complaint.

## Sixteenth Defense

This Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint may have been the actions, non-actions, or negligence of a person or persons other than this Defendant for whose actions, non-actions, or negligence this Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from this Defendant in this action.

## Seventeenth Defense

This Defendant states that the injuries and damages alleged in Plaintiff's Complaint may

1/1337092.1

have been caused by an intervening, superseding action for which this Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from this Defendant in this action.

### Eighteenth Defense

This Defendant asserts the defense of contributory negligence.

### Nineteenth Defense

This Defendant asserts the defense of assumption of the risk.

### Twentieth Defense

This Defendant asserts the defense of failure to mitigate damages.

### Twenty-First Defense

This Defendant asserts lack of standing and lack of privity of contract.

### Twenty-Second Defense

This Defendant denies that it breached any contract with Plaintiff, whether express or implied.

### Twenty-Third Defense

This Defendant avers that it has acted in good faith at all times with respect to Plaintiff.

### Twenty-Fourth Defense

Plaintiff has failed to state a claim upon which punitive damages may be awarded under Alabama law, pursuant to *Ala. Code* § 6-11-20. Should this Court find that punitive damages are at issue in this case, this Defendant reserves the right to set forth additional defenses pertaining to punitive damages.

### Twenty-Fifth Defense

Plaintiff is not entitled to relief because it has suffered no damage.

### Twenty-Sixth Defense

This Defendant avers that Plaintiff's claims are barred by the statute of limitations.

### Twenty-Seventh Defense

Plaintiff has failed to state a cause of action for which relief can be granted.

### Twenty-Eighth Defense

Plaintiff has failed to join indispensable parties.

### Twenty-Ninth Defense

All allegations not specifically admitted are denied.

### Thirtieth Defense

This Defendant's investigation of the claims asserted in the Complaint is ongoing, and this Defendant reserves the right to amend this Answer to add such further defenses and claims as may be appropriate.

Respectfully submitted,

*Rusha C. Smith*
Rusha C. Smith (SMI195)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

1/1337092.1

-and-

George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Attorneys for Defendant
Willis Insurance Services of Georgia, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novak
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36102-2148

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 9th day of June, 2005.

*Rusha C. Smith*
OF COUNSEL