IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUN -9  P 2: 05
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and SKILSTAF, INC., a corporation, | |
| Plaintiffs, | |
| v. | CASE NO. 3:05cv545-W |
| | Tallapoosa, Alabama,- |
| WILLIS INSURANCE SERVICES OF GEORGIA, INC. (f/k/a WILLIS CORROON CORPORATION OF GEORGIA, INC.), | Alexander City Division |
| | Circuit Court Case No. CV-05-94 |
| Defendants. | |

**DEFENDANT WILLIS INSURANCE SERVICES OF GEORGIA, INC.'S
MOTION TO DISMISS PLAINTIFF EVANSTON INSURANCE COMPANY'S CLAIMS**

Defendant Willis Insurance Services of Georgia, Inc. ("Willis" or "Defendant"), by and through its counsel of record, moves this Court to dismiss the action filed by Plaintiff Evanston Insurance Company ("Evanston" or "Plaintiff") and each and every count stated therein, separately and severally. As grounds for this motion, Defendant shows unto this Court as follows:

1. As set forth in detail below, Evanston's Complaint and each count alleged therein fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiffs allege in the Complaint that Willis had a contractual obligation to provide Plaintiff Skilstaf, Inc. ("Skilstaf") with insurance policies insuring Skilstaf and "to provide certain services commonly described as insurance broker services . . ." Compl., ¶ 1. Plaintiffs also allege that, pursuant to those contractual obligations, Willis properly placed three of Skilstaf's insurance carriers, including Evanston, on notice of a lawsuit that was filed against Skilstaf in the State of Georgia in 1999 (the "underlying lawsuit"). *See id.* at ¶ 8. Plaintiffs

1

further contend that Willis did not timely notify Travelers Casualty and Surety Company of America ("Travelers"), another of Skilstaf's insurers, of the underlying lawsuit and, as such, Travelers denied insurance coverage to Skilstaf for the underlying lawsuit. *See id.* at ¶¶ 9, 11. Plaintiffs allege that Evanston, pursuant to its insurance policy, provided Skilstaf with a legal defense to the underlying lawsuit and later paid a portion, if not all, of the settlement of the underlying lawsuit.[1] *See id.* at ¶¶ 12-13. Plaintiffs' Complaint asserts that "[h]ad Willis properly notified Travelers in accordance with the obligations of Willis under the Contract [between Willis and Skilstaf], Travelers would have been obligated to defend and indemnify Skilstaf . . ." *Id.* at ¶ 12.

3.  There is no allegation in the Complaint that Evanston is (or was) a party to the contract between Willis and Skilstaf. Further, no allegation is made in the Complaint that Evanston is (or was) a third-party beneficiary to the contract between Willis and Skilstaf relating to Travelers' insurance coverage for Skilstaf in 1999 or that the parties ever intended for Evanston to be a third-party beneficiary to that contract. Instead, the Complaint essentially provides that if Travelers had been put on timely notice of the action by Willis, then Evanston, because of Travelers' alleged defense and indemnity obligations to Skilstaf, would have been relieved from its obligation and duty to defend and indemnify Skilstaf and its obligation to pay a settlement on behalf of Skilstaf in the underlying lawsuit.

4.  "[O]ne that is not party to, or in privity with, a contract cannot sue for its breach." *Airlines Reporting Corp. v. Higginbotham*, 643 So. 2d 952, 954 (Ala. 1994) (citation omitted). To qualify as a direct third-party beneficiary with standing to sue on a contract, a party "must establish that the contracting parties intended, at the time the contract was created, to bestow a

---

[1] Neither the amount of the settlement of the underlying lawsuit, nor the parties' contribution to that amount, is disclosed in the Complaint. *See id.* at ¶ 13.

2

direct benefit upon the third party." *Higginbotham*, 643 So. 2d at 954 (citation omitted); *see Anderson v. Howard Hall Co.*, 179 So. 2d 71, 73 (Ala. 1965) (a contract must have been intended for the direct benefit of a third person, as distinguished from mere incidental benefit to him, in order to entitle such third person to sue for breach of contract). Because Evanston was not a party to the contract between Willis and Skilstaf, nor did Willis and Skilstaf intend Evanston to benefit from that contract, Evanston's breach of contract claim against Willis must be dismissed as a matter of law for lack of privity and lack of standing.

WHEREFORE, PREMISES CONSIDERED, Willis requests that this Court dismiss Evanston's Complaint against it in its entirety.

Respectfully submitted,

*Rusha C. Smith*
Rusha C. Smith (SMI195)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

-and-

George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Attorneys for Defendant
Willis Insurance Services of Georgia, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novak
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36102-2148

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 9th day of June, 2005.

*Rusha C. Smith*
OF COUNSEL