IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

EVANSTON INSURANCE COMPANY, )
                                      )
         and                        )
                                      )
SKILSTAF, INC., a corporation,    )
                                      )
             Plaintiffs,     )
                                      )  Case No.: 3:05-cv-00545-SRW
         vs.                        )
                                      )
WILLIS INSURANCE SERVICES OF   )
GEORGIA, INC. (f/k/a WILLIS      )
CORROON CORPORATION OF      )
GEORGIA, INC.),               )
                                      )
            Defendant.     )

<u>MOTION TO AMEND COMPLAINT</u>

       COME NOW the plaintiffs and, pursuant to the terms and provisions of Rule 15(a),

<u>Federal Rules of Civil</u> Procedure, move this Court to permit them to amend their complaint in

the form attached hereto as Exhibit "A". For grounds, your movants would show unto the Court

as follows:

       1.      The plaintiffs, SkilStaf, Inc. (SkilStaf) and Evanston Insurance Company

(Evanston) filed their Summons and Complaint in the Circuit Court for Tallapoosa County,

Alexander City Division, on the 6th day of May, 2005.

       2.      Thereafter, this action was removed to the United States District Court for the

Middle District of Alabama, Eastern Division.

       3.      In response to the complaint, the defendant has filed a Motion to Dismiss the

claims of Evanston questioning the standing of Evanston to seek recovery herein as to the

defendant.

       4.      The purpose of the Amended Complaint is limited to more fully reciting the rights

of Evanston, as a real party in interest within the meaning of Rule 17(a), <u>Federal Rules of Civil</u>

<u>Procedure</u>, to pursue its claims against the defendant.

5.     No party will be prejudiced by allowing the Amended Complaint.

WHEREFORE, your movants respectfully request this Court permit them to amend the complaint herein as set out in the attached Exhibit "A" more fully describing the status of Evanston as a real party in interest herein.

BALL, BALL, MATTHEWS & NOVAK, P.A.

Tabor R. Novak, Jr. - NOV001
As Attorneys for the Plaintiffs

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Telephone:  334/387-7680
Telecopier:  334/387-3222

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record, as indicated below, by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 21st day of _____June_____, 2005.

Rusha Christina Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite780
Montgomery, Alabama 36104

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EVANSTON INSURANCE COMPANY,   )
   )
   and   )
   )
SKILSTAF, INC., a corporation,   )
   )
   Plaintiffs,   )
   )  Case No.:  3:05-cv-00545-SRW
   vs.   )
   )
   )
WILLIS INSURANCE SERVICES OF   )
GEORGIA, INC. (f/k/a WILLIS   )
CORROON CORPORATION OF   )
GEORGIA, INC.),   )
   )
   Defendant.   )

FIRST AMENDED COMPLAINT

Now come the Plaintiffs, and amend their complaint filed herein, so that the same shall read in its entirety as follows:

1.   In or about September, 1996, the Plaintiff SkilStaf, Inc. ("SkilStaf"), entered into an agreement, and thereafter continued to enter into such agreements, at all times material to matters in this action, for the procurement of insurance policies (herein called the "Contract") with the Defendant Willis Insurance Services of Georgia, Inc. ("Willis") wherein Willis was to obtain insurance policies insuring SkilStaf, and to provide certain services commonly described as insurance broker services, as more particularly described in the Contract.

2.   In exchange for those services, SkilStaf agreed to pay and did pay Willis certain sums, in accordance with the terms and provisions of the Contract.

3.   The Contract was made and entered into in Tallapoosa County, Alabama. Substantial events and omissions concerning the performance and breach of the

1

Exhibit "A'

Contract occurred in Tallapoosa County, rendering venue appropriate in Tallapoosa County for this action.

4.      On or about February 14, 1999, SkilStaf entered into Policy No. EO801685 for Professional Liability Insurance for Specified Professions issued by Plaintiff Evanston Insurance Company ("Evanston"), such policy having been procured by Willis. Policy No. E0801685 contained language commonly referred to in the insurance industry as a "subrogation clause". By virtue of the subrogation provisions of the policy, Evanston became subrogated to certain rights of SkilStaf entitling Evanston to rights of recovery in the event it incurred obligations under the policy insuring SkilStaf. Evanston is a real party in interest herein within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure and has the right to prosecute this claim against Willis by virtue of it status as subrogor.

5.      On or about October 1, 1998, SkilStaf entered into Policy No. 011BY103063341BCM issued by Travelers Casualty and Surety Company of America ("Travelers"), such policy having been procured by Willis.

6.      On or about February 23, 1999, SkilStaf was served with a complaint styled <u>Ramstar Mills, Inc. v. SkilStaf, Inc., et al.</u>, Civil Action No. 99-V-26, filed in the Superior Court of Burke County, Georgia, (the "Lawsuit") which set forth causes of action for breach of contract, conversion, negligence and fraud, and sought $337,232.83 plus interest, attorneys' fees and punitive damages in the sum of $500,000.

7.      In addition to the Lawsuit, each of the individual defendants were indicted in criminal prosecutions for the same activities alleged in the Lawsuit, and four of the five individual Defendants pled guilty to the charges in October, 1999 and May, 2000, and were sentenced to pay restitution while on probation.

8.      On or about March 1, 1999, and on or about March 10, 1999, SkilStaf requested Willis, pursuant to the Contract, "to put on notice any and all pertinent carriers

2

that might be effected" by the Lawsuit.  On or about March 3, 1999, Willis put three insurance carriers, Royal Sunalliance, Evanston and National Union, each of which had issued insurance policies to SkilStaf, on notice of the Lawsuit.

9.      Willis did not put Travelers on notice of the Lawsuit until on or about June 17, 1999, when SkilStaf, through Willis, submitted a first notice of loss to Travelers.

10.      Travelers' acknowledged SkilStaf's notice and requested SkilStaf to submit a Proof of Loss for consideration under the policy.  In preparation of that Proof of Loss, Willis improperly advised SkilStaf as to what date of loss to include on Travelers' Proof of Loss.  Thereafter, on July 13, 1999, SkilStaf, with Willis' assistance, submitted a Proof of Loss to Travelers setting forth January 8, 1999 as the discovery of the date of loss of the claim.

11.      On July 20, 1999, Travelers denied coverage to SkilStaf because SkilStaf's June 17, 1999, first notice of loss was sent by Willis to Travelers more than 120 days after January 8, 1999, the date SkilStaf allegedly discovered the loss.  The Travelers policy requires notice of loss to be sent to the carrier within 120 days from when the insured discovers the loss.  Had Willis properly advised SkilStaf in accordance with the obligations of Willis under the Contract as to the correct date of loss to include on Travelers' Proof of Loss, Travelers' would not have denied coverage for lack of timely notice, and Travelers would have been obligated to defend and indemnify SkilStaf in accordance with the terms and provisions of its Policy No. 011BY103063341BCM.

12.      Evanston, pursuant to its policy, provided SkilStaf with a legal defense to the Lawsuit. Had Willis properly notified Travelers in accordance with the obligations of Willis under the Contract, Travelers would have been obligated to defend and indemnify SkilStaf in accordance with the terms and provisions of its Policy No. 011BY103063341BCM.

13.     In or about October, 2003, SkilStaf and Evanston settled the Lawsuit and each paid funds to Ramstar, pursuant to a confidential Settlement Agreement.

14.     The failure of Willis to properly notify Travelers of the Ramstar Mills lawsuit constituted a breach by Willis of its contract with SkilStaf which injured and damaged the Plaintiffs in that they were forced to assume and discharge certain obligations which Travelers would have been obligated to perform under its policy if Travelers had been properly notified by Willis.

15.     The failure of Willis to properly advise SkilStaf as to the proper date of loss to include in the Proof of Loss SkilStaf submitted to Travelers constituted a breach by Willis of its contract with SkilStaf which injured and damaged the Plaintiffs in that they were forced to assume and discharge certain obligations which Travelers would have been obligated to perform under its policy if Willis had properly advised SkilStaf as to the proper date of loss to submit to Travelers.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, as follows:

a)     $102,543.08 to Evanston for defense fees and costs expended in the Lawsuit;

b)     $50,000 to SkilStaf as payment of its deductible under the Evanston policy;

c)     The confidential amounts paid by Evanston and SkilStaf in settlement of the Lawsuit; and

d)     all accrued interest and attorneys fees expended in this action.

BALL, BALL, MATTHEWS & NOVAK, P.A.

_____
Tabor R. Novak, Jr. - NOV001
As Attorneys for the Plaintiffs

4

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Telephone:  334/387-7680
Telecopier:  334/387-3222

**Plaintiffs demand trial by jury of the issues herein.**

_Dabal R. Howard_
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record, as indicated below, by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 21st day of ___June___, 2005.

Rusha Christina Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite780
Montgomery, Alabama 36104

_Dabal R. Howard_
OF COUNSEL