**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY and** | ) | |
| **SKILSTAF, INC., a corporation,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:05-cv-545** |
| | ) | |
| **WILLIS INSURANCE SERVICES OF** | ) | |
| **GEORGIA, INC. (f/k/a WILLIS CORROON** | ) | |
| **CORPORATION OF GEORGIA, INC.),** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO PLAINTIFF SKILSTAF, INC.'S FIRST AMENDED COMPLAINT**

Defendant Willis Insurance Services of Georgia, Inc. ("this Defendant"), Defendant in

the above-styled cause, answers the First Amended Complaint of Plaintiff Skilstaf, Inc.

("Plaintiff"),[1] as follows:

**First Defense**

1.      This Defendant admits that it agreed to serve as an insurance broker for Plaintiff

for a period of time at issue in the lawsuit.  This Defendant further states that, to the extent a

contract exists, the contract described herein and its contents speak for themselves.  Any other

material averments, if any, contained in Paragraph 1 of Plaintiff's First Amended Complaint are

denied.

2.      This Defendant admits that it agreed to serve as an insurance broker for Plaintiff

for a period of time at issue in the lawsuit, in exchange for a fee for services to be paid by

Plaintiff to this Defendant.  This Defendant further states that, to the extent a contract exists, the

---

[1] This Defendant filed a Motion to Dismiss the other Plaintiff in this case, Evanston Insurance Company
("Evanston"), on August 1, 2005.

1/1351344.1

contract described herein and its contents speak for themselves. Any other material averments, if any, contained in Paragraph 2 of Plaintiff's First Amended Complaint are denied.

3.    Paragraph 3 of Plaintiff's First Amended Complaint states a legal conclusion, which does not require a response from this Defendant, and, therefore, it denies the same.

4.    This Defendant admits that Evanston insured SkilStaf at the time specified in the First Amended Complaint. Any other material averments, if any, contained in Paragraph 4 of Plaintiff's First Amended Complaint are denied.

5.    This Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint.

6.    On information and belief, admitted.

7.    This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

8.    This Defendant states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. At this time, this Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

9.    At this time, this Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

10.    This Defendant denies each and every material allegation set forth in Paragraph 10 of Plaintiff's First Amended Complaint and demands strict proof thereof.

1/1351344.1

11.     This Defendant denies each and every material allegation set forth in Paragraph 11 of Plaintiff's First Amended Complaint and demands strict proof thereof.

12.     This Defendant denies each and every material allegation set forth in Paragraph 12 of Plaintiff's First Amended Complaint and demands strict proof thereof.

13.     This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

14.     This Defendant denies each and every material allegation set forth in Paragraph 14 of Plaintiff's First Amended Complaint and demands strict proof thereof.

15.     This Defendant denies each and every material allegation set forth in Paragraph 15 of Plaintiff's First Amended Complaint and demands strict proof thereof.

16.     The unnumbered "WHEREFORE" paragraph in Plaintiff's First Amended Complaint does not require a response, but, to the extent one is deemed required, this Defendant denies the same and demands strict proof thereof.

### Second Defense

This Defendant pleads the general issue.

### Third Defense

This Defendant contests the injuries and the nature, type, and amount of damages alleged in Plaintiff's First Amended Complaint and, therefore, demands strict proof of any alleged injury or damage.

### Fourth Defense

This Defendant states that it is not indebted or liable to Plaintiff in any manner or amount whatsoever.

3

### Fifth Defense

Plaintiff failed to satisfy certain conditions precedent to the contract.

### Sixth Defense

This Defendant asserts the defense of accord and satisfaction.

### Seventh Defense

This Defendant asserts the defense of payment and the defense of credit.

### Eighth Defense

This Defendant asserts the defense of ratification.

### Ninth Defense

This Defendant asserts the defense of release.

### Tenth Defense

This Defendant asserts the defense of recoupment.

### Eleventh Defense

This Defendant asserts the defense of setoff.

### Twelfth Defense

This Defendant pleads *forum non conveniens*.

### Thirteenth Defense

This Defendant denies that it breached any legal duty owed to Plaintiff and denies that its

actions or inactions caused Plaintiff's alleged damages.

### Fourteenth Defense

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

### Fifteenth Defense

This Defendant denies that it proximately caused any of the damages alleged in

4

Plaintiff's First Amended Complaint.

### Sixteenth Defense

This Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiff's First Amended Complaint may have been the actions, non-actions, or negligence of a person or persons other than this Defendant for whose actions, non-actions, or negligence this Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from this Defendant in this action.

### Seventeenth Defense

This Defendant states that the injuries and damages alleged in Plaintiff's First Amended Complaint may have been caused by an intervening, superseding action for which this Defendant is in no way liable. Plaintiff is, therefore, not entitled to recover from this Defendant in this action.

### Eighteenth Defense

This Defendant asserts the defense of contributory negligence.

### Nineteenth Defense

This Defendant asserts the defense of assumption of the risk.

### Twentieth Defense

This Defendant asserts the defense of failure to mitigate damages.

### Twenty-First Defense

This Defendant asserts lack of standing and lack of privity of contract.

### Twenty-Second Defense

This Defendant denies that it breached any contract with Plaintiff, whether express or implied.

### Twenty-Third Defense

This Defendant avers that it has acted in good faith at all times with respect to Plaintiff.

### Twenty-Fourth Defense

Plaintiff has failed to state a claim upon which punitive damages may be awarded under Alabama law, pursuant to *Ala. Code* § 6-11-20. Should this Court find that punitive damages are at issue in this case, this Defendant reserves the right to set forth additional defenses pertaining to punitive damages.

### Twenty-Fifth Defense

Plaintiff is not entitled to relief because it has suffered no damage.

### Twenty-Sixth Defense

This Defendant avers that Plaintiff's claims are barred by the statute of limitations.

### Twenty-Seventh Defense

Plaintiff has failed to state a cause of action for which relief can be granted.

### Twenty-Eighth Defense

Plaintiff has failed to join indispensable parties.

### Twenty-Ninth Defense

All allegations not specifically admitted are denied.

### Thirtieth Defense

This Defendant's investigation of the claims asserted in the First Amended Complaint is ongoing, and this Defendant reserves the right to amend this Answer to add such further defenses and claims as may be appropriate.

1/1351344.1

Respectfully submitted,

s/ Rusha C. Smith
Rusha C. Smith (SMI195)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: rsmith@bradleyarant.com

-and-

George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

Attorneys for Defendant
Willis Insurance Services of Georgia, Inc.

7

1/1351344.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August <u>2</u>, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>    Tabor R. Novak, Jr., Esq.
>    Ball, Ball, Matthews & Novak
>    2000 Interstate Park Drive, Suite 204
>    Montgomery, AL 36102-2148

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>    None

>    Respectfully submitted,

>    s/ Rusha C. Smith
>    _____
>    Rusha C. Smith
>    Bradley Arant Rose & White LLP
>    One Federal Place
>    1819 Fifth Avenue North
>    Birmingham, AL 35203-2104
>    Telephone: (205) 521-8000
>    Facsimile: (205) 521-8800
>    E-mail: rsmith@bradleyarant.com

1/1351344.1