IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY ) | |
| ) | |
| and ) | |
| ) | Case No. 3:05-cv-00545-SRW |
| SKILSTAF, INC., a corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIS INSURANCE SERVICES OF ) | |
| GEORGIA, INC. (f/k/a WILLIS ) | |
| COOROON CORPORATION OF ) | |
| GEORGIA, INC.), ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF EVANSTON INSURANCE COMPANY'S RESPONSE TO DEFENDANT WILLIS INSURANCE SERVICES OF GEORGIA, INC.'S MOTION TO DISMISS

Plaintiff Evanston Insurance Company ("Evanston"), by and through its counsel of record, in response to Willis Insurance Services of Georgia, Inc.'s ("Willis") Motion to Dismiss Evanston's First Amended Complaint ("the Motion"), states as follows:

### A. Response by SkilStaf, Inc.

The defendant makes no argument that the claims of SkilStaf are due to be dismissed. Therefore the Motion to Dismiss has no application to the claims of SkilStaf.

### B. Response of Evanston Insurance Company

The defendant (sometimes herein called "Willis") has filed a Motion to Dismiss which serves to test the legal sufficiency of the Amended Complaint. Such a motion can be granted only when the movant can demonstrate to the court "beyond doubt  that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flint v.ABB, Inc.* 337 F.

3rd 1326, 1328-1329 (11th Cir.2003); *Hishon v. King & Spaulding,* 467 U.S.69, 73, 104 S.Ct.

2229, 2232-2233, 81 L.Ed. 2d 59 (1984)   The facts contained in the Plaintiff's complaint must

be accepted by the court as true in the light most favorable to the maker of the complaint.

*Magluta v. Samples,*375 F.3rd 1269 (11th Cir.2004)   A "very high burden" is imposed upon a

defendant moving to dismiss a complaint for failure to state a claim. The threshold that a

complaint must meet to survive motion to dismiss for failure to state a claim is "exceedingly

low." *Ancata v. Prison Health Services, Inc.* 769 F.2d 700, 703 (11th Cir. 1985). The pleading

rule established under Rule 8(a)(2) *Fed. R. Civ. Pro.* "establishes a pleading standard without

regard to whether a claim will succeed on the merits." United States v Baxter Int'l, Inc. 345 F.3rd

866,881 (11th Cir. 2003)

     Willis makes no contention in its Motion to Dismiss that SkilStaf has failed to articulate a

colorable claim. Indeed it concedes in par. 6  of its Motion that Evanston should be able to "stand

in the shoes" of its insured  SkilStaf to "seek reimbursement for payments made under the

Evanston insurance policy if a third party was legally responsible for the damages resulting in

the payment." To acknowledge that SkilStaf has stated a claim, and that Evanston is entitled to

"stand in Skilstaf's shoes" and to "seek reimbursement for payment" and then to argue that

Evanston's complaint is due to be dismissed is incongruous at best and clearly contrary to the

standard of review set out above.

     Willis has asked this court to rule on the merits of the case and sought to submit matters

far outside the pleadings for this consideration. Willis begins by attaching the Ramstar complaint

in CV-V-26. It offers by footnote the "fact" that neither Evanston nor SkilStaf has pursued any

claim against Travelers. It makes the naked assertion that any payments made by Evanston were

"voluntary." It provides extracts from the Evanston policy. Indeed its entire motion becomes the legal equivalent to a motion for summary judgment.

This court ordered Evanston reply to the defendant's contention that its complaint is inadequate as a matter of law. The Court has not ordered the motion to dismiss be converted to a motion for summary judgment. Rule 12 (b) *Fed R. Civ. Pro.* provides in pertinent part, " If, on a motion to dismiss asserting the defense numbered (6) to dismiss for failure if the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by Rule 56."

This court should exclude the matters set forth by Willis outside the pleadings and deny the motion to dismiss. Should this court choose to consider the matters external to the pleadings, the motion should be converted to a motion for summary judgment and  Evanston should be allowed reasonable opportunity to present all materials made pertinent by Rule 56.

If the court chooses otherwise, Evanston makes the following additional arguments regarding the defendant's motion out of an abundance of caution:

1.      In the Motion, Willis concedes that, pursuant to the subrogation provisions of the insurance policy ("the Policy"), Evanston issued to the insured SkilStaf, Inc. ("SkilStaf"), Evanston is entitled to become subrogated to certain rights of SkilStaf entitling Evanston to rights of recovery for obligations it incurred under the Policy insuring SkilStaf.  However, Willis maintains that Evanston has no rights of recovery under its First Amended Complaint against Willis "because [Willis] had absolutely no involvement in the activities that resulted in the

Ramstar Mills lawsuit being filed and settled." Willis' entire analysis, however, is flawed, as Willis totally misinterprets Evanston's cause of action against Willis.

2.      In its First Amended Complaint, Evanston alleges, and Willis does not dispute, that SkilStaf entered into an agreement ("Contract") for the procurement of insurance policies with Willis wherein Willis was to obtain insurance policies insuring SkilStaf and to provide insurance broker services. Pursuant to that Contract, Willis procured insurance for SkilStaf from Evanston, Travelers Casualty and Surety Company of America ("Travelers"), and other insurers. Evanston issued a professional liability policy to SkilStaf and Travelers issued a fidelity policy for employee dishonesty to SkilStaf.

3.      On or about February 23, 1999, SkilStaf was served with a complaint styled Ramstar Mills, Inc. v. SkilStaf, Inc., et al., Civil Action No. 99-V-26, filed in the Superior Court of Burke County, Georgia (the "Lawsuit"). (A copy of the Ramstar Complaint is attached to Willis' Motion to Dismiss.) The complaint specifically alleged causes of action for breach of contract and negligence against SkilStaf, for conversion and fraud against the individual defendants, and sought $337,232.83 plus interest, attorneys' fees and punitive damages in the sum of $500,000. The Lawsuit arose out of a Client Service Agreement entered into between Ramstar Mills, Inc., which operates a mill that produces shirts and provides screen printing services, and SkilStaf, under which SkilStaf agreed to provide Ramstar, and Ramstar agreed to lease from SkilStaf, employees for Job Function Positions at Ramstar. The individual Defendants named in the Lawsuit were employees of SkilStaf and, as such, were leased to Ramstar for use at Ramstar's mill.

4.      In addition to the Lawsuit, each of the individual defendants were indicted in criminal prosecutions for the same activities alleged in the Lawsuit, and four of the five

individual Defendants pled guilty to the charges in October 1999 and May 2000, and were sentenced to pay restitution while on probation.

5.      On or about March 1, 1999, and on or about March 10, 1999, SkilStaf requested Willis, pursuant to the Contract, "to put on notice any and all pertinent carriers that might be effected" by the Lawsuit.  On or about March 3, 1999, Willis put three insurance carriers, Royal Sunalliance, Evanston and National Union, each of which had issued insurance policies to SkilStaf, on notice of the Lawsuit.

6.      Willis did not put Travelers, the fidelity carrier, on notice of the Lawsuit until on or about June 17, 1999, when SkilStaf, through Willis, submitted a first notice of loss to Travelers.

7.      Travelers acknowledged SkilStaf's notice and requested SkilStaf to submit a Proof of Loss for consideration under the policy.  In preparation of that Proof of Loss, Willis improperly advised SkilStaf as to what date of loss to include on Travelers' Proof of Loss. Thereafter, on July 13, 1999, SkilStaf, with Willis' assistance, submitted a Proof of Loss to Travelers setting forth January 8, 1999 as the discovery of the date of loss of the claim.

8.      On July 20, 1999, Travelers denied coverage to SkilStaf because SkilStaf's June 17, 1999, first notice of loss was sent by Willis to Travelers more than 120 days after January 8, 1999, the date SkilStaf allegedly discovered the loss.  The Travelers policy requires notice of loss to be sent to the carrier within 120 days from when the insured discovers the loss.  As Evanston alleges in its First Amended Complaint, had Willis properly advised Travelers of the existence of a claim in March, 1999, in accordance with the obligations of Willis under the Contract, as Willis advised SkilStaf's other carriers, and had Willis subsequently advised SkilStaf as to the correct date of loss to include on Travelers' Proof of Loss, Travelers would not

have denied coverage for lack of timely notice, and Travelers would have been obligated to protect SkilStaf in accordance with the terms and provisions of its commercial crime/fidelity policy.

9.    Without the participation of Travelers, Evanston, pursuant to its professional liability policy, provided SkilStaf with a legal defense to the Lawsuit.  In or about October, 2003, SkilStaf and Evanston settled the Lawsuit and each paid funds to Ramstar, pursuant to a confidential Settlement Agreement.

10.    As alleged in Plaintiffs' First Amended Complaint, under the Contract, Willis, as an insurance broker, is the agent of SkilStaf, the insured, "and owes a duty to his principal to exercise reasonable skill, care and diligence. . . ." First Alabama Bank of Montgomery, N.A. v. First State Insurance Company, Inc., 899 F.2d 1045, 1068 (11th Cir. 1990), citing Timmerman Agency, Inc. v. Miller, 229 So.2d 475, 477 (Ala. 1969) (quoting) 16A J. APPELMAN INSURANCE LAW & PRACTICE §8841 (rev.ed. 1981).  The failure of Willis to timely notify Travelers of the Ramstar Mills lawsuit constituted a breach by Willis of its Contract with SkilStaf, which injured and damaged the Plaintiffs in that they were forced to assume and discharge certain obligations which Travelers would have been obligated to perform under its policy, if Travelers had been properly notified by Willis.

11.    Willis, as an experienced broker knowledgeable about the terms and conditions of the fidelity policy it placed on behalf of SkilStaf, should have known of the proper definition of when an insured "discovers' a loss under such a policy.  "An insurance broker is 'expected to possess reasonable knowledge of the types of policies, their different terms, and the coverage available in the area in which his principal expects to be protected.'" Id., citing  Bates v. Gambino, 370 A.2d 10, 13 (N.J. 1977) (per curiam) (quoting 16A J. APPELMAN INSURANCE

LAW & PRACTICE §8845 (rev. ed. 1981)).  The failure of Willis to properly advise SkilStaf as to the proper date of loss to include in the Proof of Loss SkilStaf submitted to Travelers constituted a breach by Willis of its contract with SkilStaf which injured and damaged the Plaintiffs in that they were forced to assume and discharge certain obligations which Travelers would have been obligated to perform under its policy, if Willis properly had advised SkilStaf as to the appropriate date of loss to submit to Travelers.

12.    Willis goes to great lengths to argue that this is not an appropriate subrogation action because Evanston has filed suit against Willis, and not against the individual defendants/employees.  Willis argues that it was the theft by the employees which caused the damage to SkilStaf, not Willis' breach of its contract with SkilStaf.  As its main support, Willis cites North Star Mutual Insurance Co. v. Zurich Insurance Co., 269 F. Supp. 2d 1140 (D. Minn. 2003), which relies on Minnesota, not Alabama, law.  *North Shore* involved payment by an insurer to an insured which suffered damage due to a fire.  The court held the insurer, which paid for the damages, had no subrogation against the insured's broker who failed to provide replacement coverage, because the broker's negligence did not cause the fire.  That is not the case here, and *North Star* is not applicable.

13.    In the Lawsuit, SkilStaf was sued for breach of contract and negligence.  As SkilStaf's professional liability carrier, Evanston responded.  However, Travelers, SkilStaf's fidelity carrier, failed to respond because Willis had failed to provide Travelers with timely notice of the claim.  In addition, after Willis provided Travelers with notice, Willis, an experienced broker familiar with fidelity policies, advised SkilStaf to provide Travelers with the wrong date of loss for the claim, further compounding their error.  Evanston properly "stands in the shoes" of its insured (SkilStaf) as subrogee to seek reimbursement for payments made under

the Evanston insurance policy from a third party (Willis) which was legally responsible for damages resulting in payment.  Therefore, this is a proper subrogation action.

14.    Because of Willis' breaches, Travelers failed to acknowledge coverage under the fidelity policy and failed to assist SkilStaf in resolving this matter short of extended litigation which resulted in a significant settlement, which Evanston paid and to which SkilStaf personally contributed.  The individual defendants did not cause this damage to SkilStaf.  This damage was caused by Willis' breaches of its contract with SkilStaf.  Clearly, the doctrine of subrogation does apply to Willis under the facts of this case because Willis' breaches of the Contract with SkilStaf were intimately involved with the activities that resulted in the Lawsuit being filed and settled by SkilStaf and Evanston.

WHEREFORE, Evanston respectfully requests this Court to deny Willis' Motion to Dismiss Evanston's First Amended Complaint.

Respectfully submitted,

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/Tabor R. Novak, Jr. - NOV001
As Attorneys for the Plaintiffs
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Telephone:  334-387-7680
Telecopier:  334-387-3222

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record, as indicated below, by means of electronic filing this 15th day of August, 2005 as follows:

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203-2104
Email:  rsmith@bradleyarant.com; cadkins@bradleyarant.com

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama  36104
Email  gparker@bradleyarant.com, rpatterson@bradleyarant.com

/s/Tabor R. Novak, Jr. - NOV001
Of Counsel

N:\10985 (30435)\PLEADINGS\Response to Motion to Dismiss.doc