IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and SKILSTAF, INC., a corporation, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 3:05-cv-545 |
| WILLIS INSURANCE SERVICES OF GEORGIA, INC. (f/k/a WILLIS CORROON CORPORATION OF GEORGIA, INC.), | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT WILLIS INSURANCE SERVICES OF GEORGIA, INC.'S
MOTION TO STAY UNIFORM SCHEDULING ORDER**

Defendant Willis Insurance Services of Georgia, Inc. ("Defendant" or "Willis"), by and through its counsel, respectfully moves this Court to stay the Uniform Scheduling Order in the above-styled cause, pending this Court's ruling on Defendant's Motions to Dismiss Plaintiff Evanston Insurance Company's ("Evanston") Complaint and First Amended Complaint, filed on June 9, 2005, and August 1, 2005, respectively.  In support of this motion, Willis states as follows:

1.    This case, which was initially filed in the Circuit Court of Tallapoosa County (Alexander City Division) on May 6, 2005, is a breach of contract action brought by Plaintiff Skilstaf, Inc. ("Skilstaf"), as the insured and alleged subrogor, and Evanston, as the insurer and alleged subrogee, against Willis, as the insurance broker for Skilstaf.  The issues in this case originate from an underlying lawsuit filed in the Superior Court of Burke County, Georgia, styled *Ramstar Mills v. SkilStaf, Inc., et al.*, Civil Action No. 99-v-26 (hereinafter referred to as the "Ramstar Mills lawsuit"); Skilstaf and Evanston, on behalf of Skilstaf, allegedly entered into

1

a confidential settlement of the Ramstar Mills lawsuit with Ramstar Mills, Plaintiff in that case. Skilstaf and Evanston (hereinafter jointly referred to as "Plaintiffs") now contend in this case that Willis did not put Travelers Casualty and Surety Company of America ("Travelers"), one of SkilStaf's other insurers, on proper notice of the Ramstar Mills lawsuit, and, as a result thereof, Travelers denied coverage for Skilstaf's claim, resulting in Evanston, rather than Travelers, paying a portion, if not all, of the settlement of the Ramstar Mills lawsuit.

2. In response to Plaintiffs' original Complaint, Willis removed this case to this Court on June 9, 2005. Willis simultaneously filed an Answer on behalf of Skilstaf and a Motion to Dismiss Evanston's Claims on the grounds that there is no privity between Evanston and Willis. That dismissal motion is still pending before this Court.

3. Plaintiffs subsequently amended their Complaint on June 27, 2005, asserting that Evanston can properly sue Willis for breach of contract by virtue of subrogation.

4. In response to Plaintiffs' First Amended Complaint, Willis then answered on behalf of Skilstaf and filed a Motion to Dismiss Evanston's First Amended Complaint arguing that subrogation is not a proper remedy in this situation, especially since Willis had no involvement in the tortious activities that resulted in the Ramstar Mills lawsuit. That dismissal motion is also still pending before this Court.

5. The only discovery that has been taken to date in this case is the exchange of written discovery. No depositions have been taken, although the parties are preparing to schedule multiple depositions. Willis has refrained from taking depositions, in light of the pending dismissal motions.

6. The two dismissal motions, one based on lack of privity and the other one based on improper allegations of subrogation, involve legal issues that can be decided without the need

2

1/1411376.1

for and expense of any other formal discovery.  Willis believes it is a waste of judicial resources and of the parties' time, effort, and expenses to engage in discovery to continue this litigation in this Court, if this case is due to be concluded pursuant to determinative motions.  Willis submits that the interests of comity and orderly judicial administration would be served by staying this case.  Accordingly, Willis desires an extra period of time to await this Court's ruling on the dismissal motions.

7. This case was just filed less than a year ago.  This Court issued a Uniform Scheduling Order on December 20, 2005, which set the discovery deadline for May 18, 2006, and the trial for August 7, 2006.  In light of the approaching deadlines, Willis thought it was important to bring this issue to this Court's attention now before the litigation proceeded any further.  If this Court stays this case, the parties should be able to complete deposition discovery, if necessary, within several months after a ruling on the dismissal motions.  No party will be prejudiced by the stay.  In fact, Plaintiffs waited almost six years after the filing of the Ramstar Mills lawsuit to file this case, so a slight delay in this case at this point certainly cannot be harmful to them.  Without a stay, Willis will be forced to spend the (perhaps unnecessary) time and resources needed to conduct discovery and prepare this case for trial.

WHEREFORE, Willis respectfully requests that this Court stay the Uniform Scheduling Order in this case, until such time as the pending dismissal motions have been ruled on by this Court, as provided above.

       Respectfully submitted,


       s/ Rusha C. Smith
       Rusha C. Smith (SMI195)
       BRADLEY ARANT ROSE & WHITE LLP
       One Federal Place
       1819 Fifth Avenue North
       Birmingham, AL 35203-2104
       Telephone: (205) 521-8000
       Facsimile: (205) 521-8800
       E-mail: rsmith@bradleyarant.com

       -and-

       George R. Parker (PAR086)
       BRADLEY ARANT ROSE & WHITE LLP
       Alabama Center for Commerce
       401 Adams Avenue, Suite 780
       Montgomery, AL 36104
       Telephone: (334) 956-7700
       Facsimile: (334) 956-7701
       E-mail: gparker@bradleyarant.com

       Attorneys for Defendant
       Willis Insurance Services of Georgia, Inc.

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 20th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Tabor R. Novak, Jr., Esq.
        Ball, Ball, Matthews & Novak
        2000 Interstate Park Drive, Suite 204
        Montgomery, AL 36102-2148

        Regina McCabe, Esq.
        Boundas, Skarzynski, Walsh & Black, LLC
        200 E. Randolph Drive
        Suite 7200
        Chicago, IL 60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

        None

        Respectfully submitted,

        s/ Rusha C. Smith
        Rusha C. Smith
        Bradley Arant Rose & White LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        E-mail: rsmith@bradleyarant.com