IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and SKILSTAF, INC., a corporation, </br></br>　　　　　Plaintiffs, </br></br>v. </br></br>WILLIS INSURANCE SERVICES OF GEORGIA, INC. (f/k/a WILLIS CORROON CORPORATION OF GEORGIA, INC.), </br></br>　　　　　Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> )　CASE NO. 3:05-cv-545 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**MOTION TO AMEND STAY**

COME NOW the Plaintiffs, Evanston Insurance Company (herein called "Evanston") and SkilStaf, Inc., (herein called "SkilStaf") and respectfully request this Court amend its Order staying all discovery herein pending ruling on the Defendant's Motion to Dismiss the Claims of Evanston. For grounds your movants would show unto the Court as follows:

　　　　1.　　SkilStaf and the Defendant Willis Insurance Services of Georgia, Inc. (hereinafter called "Willis") entered into a contract, the terms and provisions of which are more fully described in the Complaint as Amended.

　　　　2.　　Willis has not moved to dismiss the claims of SkilStaf but has filed an Answer to those claims.

　　　　3.　　The claims of SkilStaf as to Willis are based in part upon the claim or contention that Willis failed to properly and timely notify Travelers, an insurance carrier of SkilStaf, of certain claims made against SkilStaf by Ramstar Mills, Inc. SkilStaf

1

contends that it suffered a loss in an amount in excess of $50,000 as a product of a breach of the contract which existed between SkilStaf and Willis.

4.  As set out in the Complaint as Amended, Evanston issued SkilStaf a policy of insurance commonly described as Professional Liability Insurance for Specified Professions. Evanston contends that by virtue of provisions in that policy commonly described as a "subrogation clause," it is subrogated to certain rights of SkilStaf. Evanston contends that by virtue of its rights of subrogation, it is entitled to damages for Willis' breaches of contract as pled more particularly in the First Amended Complaint.

5.  Willis has moved to dismiss the claims of Evanston. The Court has made no ruling on that Motion to Dismiss

6.  SkilStaf and Evanston, by and through their attorney of record, requested on January 6, 2006 to take the depositions of certain current and former employees of Willis whom Willis had identified as having information material to the claims of both SkilStaf and Evanston. Pertinent portions of the letter request of January 6th are attached hereto as Exhibit "A".

7.  Counsel for Willis responded on January 13, 2006 that Willis did not intend to tender those witnesses for deposition, and further insisted that Willis was entitled to take the depositions of 30(b)(6) representatives of the Plaintiffs, and other current or former employees of SkilStaf before the Plaintiffs could take depositions which they had requested. (Pertinent portions of that letter are attached hereto as Exhibit "B".)

8.  Whether or not this Court grants the Motion to Dismiss the claims of Evanston, these depositions are material and relevant to the claims of SkilStaf and need to be taken.

9.  Counsel for the Plaintiffs has communicated with counsel for the Defendant after the entry of this Court's order for Stay offering to limit the number of depositions taken at this stage of the proceedings to avoid unnecessary expense or effort. That proposal was made with no avail.

10.  Your movants respectfully request the opportunity to take such number of depositions as this Court may allow at this stage of the litigation, in order to establish facts which are essential to the claims of both Evanston and SkilStaf. In that Evanston is subrogated to the claim of Willis, there will be no unnecessary discovery conducted in this case.

WHEREFORE, your movant respectfully requests an opportunity to take depositions which are critical to the factual issues in this case regardless of whether SkilStaf and Evanston both remain plaintiffs in the case. The Plaintiffs have no objection to a stay of the remaining effects of the Scheduling Order until such time as the issues on the Motion to Dismiss are resolved, at which time a new effective Scheduling Order could be entered which would not prejudice the parties which remain in this litigation after ruling on the Motion to Dismiss.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/Tabor R. Novak, Jr.  NOV001

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222

Regina K. McCabe, Esq.
Boundas, Skarzynski, Walsh & Black, LLC
200 E. Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone: 312/946-4299
Telecopier: 312/946-422
Email: mccabe@bswb.com

                          As Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that I have served the foregoing document upon all counsel of record, as indicated below, by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 8th day of February, 2006.

Rusha Christina Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email: rsmith@bradleyarant.com; cadkins@bradleyarant.com

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
gparker@bradleyarant.com; rpatterson@bradleyarant.com

                          /s/Tabor R. Novak, Jr. – NOV001
                          OF COUNSEL

BALL, BALL, MATTHEWS & NOVAK, P.A.
ATTORNEYS AT LAW
EST. 1891

RICHARD A. BALL, JR.
TABOR R. NOVAK, JR.
CLYDE C. OWEN, JR.
C. WINSTON SHEEHAN, JR.
WILLIAM H. BRITTAIN II
E. HAMILTON WILSON, JR.
RICHARD E. BROUGHTON
T. COWIN KNOWLES
GERALD C. SWANN, JR.
MARK T. DAVIS
JAMES A. RIVES
ALLISON ALFORD INGRAM

2000 INTERSTATE PARK DRIVE, SUITE 204
MONTGOMERY, ALABAMA 36109-5413
POST OFFICE BOX 2148
MONTGOMERY, ALABAMA 36102-2148
TELEPHONE (334) 387-7680
TELEFAX (334) 387-3222

EMAIL: FIRM@BALL-BALL.COM

N. GUNTER GUY, JR.
B. SAXON MAIN
EMILY C. MARKS
FRED B. MATTHEWS
W. EVANS BRITTAIN
WILLIAM D. MONTGOMERY, JR.*
JORDAN MONTIEL MCBRIDE
W. CHRISTOPHER WALLER, JR.
E. BRYAN PAUL

*ALSO ADMITTED TO PRACTICE IN FLORIDA

ONE TIMBER WAY, SUITE 200
DAPHNE, ALABAMA 36527
TELEPHONE (251) 621-7680
TELEFAX (251) 621-7681

January 6, 2006

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

Rusha Christina Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

  Re: Evanston Insurance Co. and Skilstaf, Inc. v. Willis Insurance
     Services of Georgia, Inc.
     U.S.D.C., Alabama Middle District
     Civil Action No.: 3:05-cv-545

Dear George and Rusha:

  I acknowledge receipt of the documents produced by Willis Carroon designated Willis Production 1 through 268.

  I do not find a formal response to the Request for Production. I would appreciate if you would provide one so that we may be clear as to the response as to each of our requests.

  In addition, I would like to schedule the depositions of Carolyn Elrod, Beth Price and Randy Hampton in Atlanta, to be followed with the depositions of Gene Akins and Jerry Jackson in Birmingham and that of Linda Baker in Nashville. Hopefully we can find some dates in February to get this accomplished. Please let me have dates that are convenient for you and these witnesses. If any former employees require subpoenas, please let me know.

Exhibit "A"



**Bradley Arant**
BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000    FAX 205.521.8800
WWW.BRADLEYARANT.COM

Rusha C. Smith

Direct Dial: (205) 521-8010
Direct Fax: (205) 488-6010
rsmith@bradleyarant.com

January 13, 2006

**VIA FACSIMILE AND U.S. MAIL**
Tabor R. Novak, Jr., Esq.
Ball, Ball, Matthews & Novak, P. A.
P. O. Drawer 2148
Montgomery, AL 36102-2148

RE:   *Evanston Insurance Co. and Skilstaf, Inc. v. Willis Insurance Services of Georgia, Inc.*
      In the United States District Court for the Middle District of Alabama, Eastern Division
      Case No. 3:05-cv-545

Dear Tabor:

We received your January 6, 2006, letter regarding the above-referenced case. Please consider this correspondence our response to the same.

First, attached find Defendant Willis Insurance Services of Georgia, Inc.'s formal objections and responses to requests for production. Second, I have asked George to send you copies of any subpoenaed documents that we have received or do receive. Third, with respect to questions about earlier discovery responses, I have reviewed my October 24, 2005, letter to you regarding the same. We are willing to leave the state of the written discovery responses as is as to both parties, assuming that you will provide me with Plaintiff Skilstaf, Inc.'s calculations of damages (Int. No. 15) and all documentation related to the Ramstar Mills lawsuit settlement discussions (including settlement offers) (RFP No. 8) upon the agreement of the terms of a Protective Order by the parties. I will be sending you a revised draft Protective Order very shortly for your review, as I believe the terms of the one that you previously sent to me are a bit too restrictive.

Finally, regarding depositions, we do not mind checking the schedules of the individuals you mentioned in your letter for deposition dates. However, we would first like to depose Wayne Stark, Wallis Haynes, Jan Hare, and a 30(b)(6) representative of Skilstaf. We had hoped that the Court would now have ruled on our Motion to Dismiss Plaintiff Evanston Insurance Company's claims. We believe that it is a waste of time and resources to proceed with deposition discovery until the said motion has been decided and are considering filing a motion to stay the said discovery until such a ruling is issued. Nevertheless, in the event that such a motion is denied, we would also need to depose a 30(b)(6) representative of Evanston at or around the time we depose Mr. Stark, Mr. Haynes, Ms. Hare, and a 30(b)(6) representative of Skilstaf.

Tabor R. Novak, Jr., Esq.
January 13, 2006
Page 2

      Thank you for your continued cooperation. Should you have any questions, do not hesitate to call George or me.

                          Sincerely,

                          Rusha

                        Rusha C. Smith

RCS/cja

Attachment

cc:   Regina McCabe, Esq. (w/ attach.) (via facsimile and U.S. mail)
       George R. Parker, Esq. (w/ attach.)

1/1411061.1