**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| EVANSTON INSURANCE COMPANY ) | |
| and SKILSTAF, INC., a corporation, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:05-cv-545 |
| ) | |
| WILLIS INSURANCE SERVICES OF ) | |
| GEORGIA, INC. (f/k/a WILLIS ) | |
| CORROON CORPORATION OF ) | |
| GEORGIA, INC.), ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S ADDITIONAL MOTION TO DISMISS PLAINTIFF EVANSTON
INSURANCE COMPANY'S CLAIMS AND MOTION FOR JUDGMENT ON THE
PLEADINGS AS TO PLAINTIFF SKILSTAF, INC. FOR FAILURE
TO JOIN INDISPENSABLE PARTY**

    Defendant Willis Insurance Services of Georgia, Inc. ("Willis" or "Defendant"), by and through its counsel of record, moves this Court to dismiss the claims of Plaintiff Evanston Insurance Company ("Evanston") against Willis on additional grounds[1] and for a judgment on the pleadings[2] as to Plaintiff Skilstaf, Inc. ("Skilstaf") (hereinafter jointly referred to as "Plaintiffs") for Plaintiffs' failure to add Travelers Casualty and Surety Company of America ("Travelers") to the above-styled cause as a party defendant. As grounds for these motions, Willis states as follows:

    1.    In this breach of contract lawsuit, Evanston is neither a party to, nor a third party beneficiary of, the contract at issue but is merely an alleged subrogee to the interests of Skilstaf. (First Am. Compl. ¶ 4.) Skilstaf contracted with Willis to perform services as an insurance

---

[1] Willis previously filed Motions to Dismiss Evanston's Complaint and First Amended Complaint, filed on June 9, 2005, and August 1, 2005, respectively.

[2] Willis previously filed Answers in response to Skilstaf's Complaint and First Amended Complaint, filed on June 9, 2005, and August 2, 2005, respectively.

broker, and Willis thereafter brokered several insurance policies for Skilstaf, including the policy issued by Evanston and another policy issued by Travelers ("the Travelers policy"). Subsequently, Skilstaf was sued by Ramstar Mills ("the Ramstar Mills lawsuit") in a case arising out of the criminal acts of certain Skilstaf employees.  Plaintiffs state that, pursuant to Evanston's insurance policy, it provided legal defense for Skilstaf and that both Evanston and Skilstaf paid funds to Ramstar Mills in settlement of the Ramstar Mills lawsuit.  (Id. at ¶¶ 12, 13.)  Plaintiffs now contend in this lawsuit that Willis should be held liable for allegedly failing to properly notify Travelers of the Ramstar Mills lawsuit, resulting in Travelers denying coverage for Skilstaf and resulting in Evanston, rather than Travelers, paying out on the Skilstaf claim for the Ramstar Mills lawsuit.  (Id. at ¶¶ 11, 12.)

    2.    Even assuming this lawsuit is proper against Willis under subrogation principles (Willis maintains that it is not, see Defendant's Motion to Dismiss Plaintiff Evanston Insurance Company's Complaint [Doc. 7, filed June 9, 2005] and Defendant's Motion to Dismiss Plaintiff Evanston Insurance Company's First Amended Complaint [Doc. 12, filed August 1, 2005]), Plaintiffs cannot succeed on their claim against Willis without this Court first resolving the issue of whether the Travelers policy would even provide coverage for the type of loss suffered by Skilstaf in the Ramstar Mills lawsuit.  If the Travelers policy would not provide the coverage for Skilstaf in the Ramstar Mills lawsuit, then the question of Willis' liability to Plaintiffs for alleged untimely notification to Travelers would be moot; Travelers would not have covered the loss anyway.  This is a dispositive question in which Travelers has a serious interest, but Plaintiffs have failed to join Travelers as a party defendant.

    3.    Travelers has a serious interest in this litigation and is a necessary and indispensable party because "disposition of the action in [Travelers'] absence may (i) as a

practical matter impair or impede [Travelers'] ability to protect that interest." Fed. R. Civ. P. 19(a)(2). The burden is on Plaintiffs to negate Travelers' indispensability. Ranger Ins. Co. v. United Hous. of N.M., Inc., 488 F.2d 682, 683 (5th Cir. 1974) ("Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court.")

   4. The prejudicial effect of nonjoinder referred to in Rule 19(a)(2)(i) "may be practical rather than legal in character." Employers Ins. of Wausau v. Jostens, Inc., 181 F.R.D. 623, 624 (D. Minn. 1998) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (2d ed. 1986)). Although "it is impossible to impair the rights of nonparties in any legal sense, . . . joinder will be insisted upon if the action might detrimentally affect . . . the absentee's ability to protect his property or to prosecute or defend any subsequent litigation in which the absentee might become involved." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1604 (3d ed. 1986). Although Travelers might not be *legally* bound by any decision of this Court as to the scope of coverage or enforceability of the Travelers policy, a judicial determination of this question could have very serious practical effects against Travelers. If the Court decides, for example, that the Travelers policy covered Skilstaf's loss, such a decision could detrimentally affect Travelers' ability to prosecute or defend any subsequent claim and/or litigation involving the same type of policy. In Ranger, the Fifth Circuit Court of Appeals recognized the detrimental effect of proceeding in the absence of a person with such a practical interest, and the court upheld the district court's dismissal for failure to join an indispensable party. 488 F.2d at 684. While, like here, a judgment in that case would not have prejudiced the absent parties'

*legal* rights, the court stated, "[W]e are satisfied that the [absent party's] interests would be prejudiced. For example, [the absent parties] would have to contend with the *stare decisis* effect of such a judgment, or they might be forced to litigate its effect" in subsequent litigation. Id. at 683; see also, Pensacola Junior College v. Montgomery, 539 So. 2d 1153 (Fla. Dist. Ct. App. 1989) (holding trial court erred in attempting to construe insurance policies without joinder of the insurers in case where amount of named defendant's liability turned on amount of coverage afforded by absent insurers). Likewise, in the present case, Travelers' interests would be seriously affected by this Court's necessary determination as to the scope, enforceability, and applicability of the Travelers policy.

     5.    A nearly identical case in another jurisdiction demonstrates why Travelers is a necessary party to this case. In Staten Island Hospital v. Alliance Brokerage Corp., 137 A.D.2d 674 (N.Y. App. Div. 1988), a hospital sued its insurance broker for breach of contract after the hospital's insurer denied coverage of a malpractice claim on the basis of untimely notice. The court held that the complaint was defective because the hospital plaintiff failed to join the insurer who denied coverage. The court reasoned that, "since a judicial determination as to the meaning and validity of the disputed clauses [in the insurance policy] would perforce affect the legal rights and relationships between [the plaintiff] and the insurers, [the insurers] are necessary parties to the action." Similarly, the construction of the Travelers policy is directly before this Court, and any decision this Court makes with respect to the Travelers policy will affect the interests of Travelers. As such, Travelers is a necessary and indispensable party.

     6.    This Court recently granted Willis' Motion to Stay Uniform Scheduling Order [Doc. 25, filed Jan. 23, 2006] pending this Court's ruling on Willis' two dismissal motions against Evanston, referenced in paragraph two of this document. In light of the stay, Willis asks

this Court to consider these motions, along with those two pending dismissal motions, because all of these motions deal with critical legal issues that can and should be decided without the need for any additional discovery.

WHEREFORE, PREMISES CONSIDERED, Willis respectfully requests that this Court dismiss Plaintiffs' claims in their entirety against Willis.

    Respectfully submitted,

    s/ Rusha C. Smith
    Rusha C. Smith (SMI195)
    BRADLEY ARANT ROSE & WHITE LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800
    E-mail: rsmith@bradleyarant.com

    -and-

    George R. Parker (PAR086)
    BRADLEY ARANT ROSE & WHITE LLP
    Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Telephone: (334) 956-7700
    Facsimile: (334) 956-7701
    E-mail: gparker@bradleyarant.com

    Attorneys for Defendant
    Willis Insurance Services of Georgia, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Tabor R. Novak, Jr., Esq.
>Ball, Ball, Matthews & Novak
>2000 Interstate Park Drive, Suite 204
>Montgomery, AL 36102-2148
>
>Regina McCabe, Esq.
>Boundas, Skarzynski, Walsh & Black, LLC
>200 E. Randolph Drive
>Suite 7200
>Chicago, IL 60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>None

>Respectfully submitted,
>
>s/ Rusha C. Smith
>Rusha C. Smith
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>E-mail: rsmith@bradleyarant.com