IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EVANSTON INSURANCE COMPANY and )
SKILSTAF, INC., a corporation,    )
                                  )
    Plaintiffs,              )
                                  )
v.                                )    CASE NO. 3:05-cv-545
                                  )
WILLIS INSURANCE SERVICES OF      )
GEORGIA, INC. (f/k/a WILLIS CORROON )
CORPORATION OF GEORGIA, INC.),    )
                                  )
    Defendant.               )

**DEFENDANT WILLIS INSURANCE SERVICES OF GEORGIA, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND STAY**

Defendant Willis Insurance Services of Georgia, Inc. ("Defendant" or "Willis"), by and through its counsel, hereby opposes the Motion to Amend Stay [Doc. 26] filed on February 8, 2006, by Plaintiffs Evanston Insurance Company and Skilstaf, Inc. (hereinafter jointly referred to as "Plaintiffs"). As grounds for this opposition, Willis states as follows:

1. *Willis filed a Motion to Stay Uniform Scheduling Order [Doc. 24] on January 20, 2006 (the "Motion to Stay"), which this Court granted [Doc. 25, filed Jan. 23, 2006].* Willis successfully argued in the Motion to Stay that it made sense to stay further discovery in this case, particularly prior to the initiation of expensive and time-consuming deposition discovery, until such time as this Court has an opportunity to rule on Willis' Motions to Dismiss Plaintiff Evanston Insurance Company's ("Evanston") Complaint and First Amended Complaint, filed on June 9, 2005, and August 1, 2005, respectively.[1] As Willis also pointed out in its Motion to Stay, the two pending dismissal motions, one based on lack of privity and the other one based

---

[1] Willis indicated in its Motion to Stay that it previously filed Answers in response to Plaintiff Skilstaf, Inc.'s Complaint and First Amended Complaint, filed on June 9, 2005, and August 2, 2005, respectively.

1

on improper allegations of subrogation, involve legal issues that can be decided without further discovery.

2. Nevertheless, Plaintiffs now, *only* two weeks after this Court entered the stay, are asking this Court to amend the stay to allow Plaintiff Skilstaf, Inc. ("Skilstaf") to go ahead and take depositions, despite the fact the two dismissal motions are still pending before this Court. Without question, Evanston's involvement in this case will affect the discovery that needs to be taken. As such, Plaintiffs' argument to amend the stay is nonsensical for a number of reasons set forth below.

3. First, the value, and thus the scope, of this case will change if Evanston is no longer a party to it. As Plaintiffs stated in the Motion to Amend Stay, Skilstaf contends that, because of Willis' alleged breach of contract, it suffered a loss of approximately $50,000, the amount of Skilstaf's deductible for Evanston's professional liability insurance policy, the policy that covered Skilstaf's loss in the underlying Ramstar Mills lawsuit. See Motion to Amend Stay, ¶ 3. Plaintiffs have yet to disclose to Willis the confidential settlement amount of the Ramstar Mills lawsuit, but, in that lawsuit, Ramstar Mills sought over $800,000 from Skilstaf in damages, as evidenced by the Complaint in the Ramstar Mills lawsuit, a copy of which is attached hereto as Exhibit 1. Because Evanston defended and indemnified Skilstaf in the Ramstar Mills lawsuit (after Skilstaf paid Evanston its $50,000 deductible), it is obvious that Evanston is seeking substantially more than $50,000 from Willis in this lawsuit under its subrogation breach of contract theory. Plaintiffs' counsel has admitted to Defendant's counsel that is accurate. Therefore, the value of this case will change dramatically for all the parties depending on whether Evanston is a party to it or not. If Evanston is not a party to this case and the alleged damages sought against Willis reduce to $50,000, then, not surprisingly, the amount of discovery

that needs to be conducted in this case will likely change, as will the parties' entire approach to this case. Willis believes it is a waste of judicial resources and of the parties' time, effort, and expenses to engage in potentially unnecessary discovery.

4.   Second, Plaintiffs propose that Skilstaf be allowed to proceed with depositions that "are critical to factual issues in this case"[2] (Motion to Amend Stay, p. 3), regardless of whether Evanston is a party to the case. Plaintiffs do not state in the Motion to Amend Stay whether Evanston would be present at the depositions Skilstaf wants to take. If Skilstaf was allowed to take depositions now before a ruling on the two pending dismissal motions, and Evanston did not attend those depositions because of the two pending dismissal motions, then Willis could arguably be put in a situation where it would have to put its witnesses up for depositions twice, once for Skilstaf and later again for Evanston, in the event that this Court subsequently denies the two pending dismissal motions. On the other hand, if Evanston did attend those depositions now, it is fundamentally unfair to force Willis' witnesses to have to answer questions from Evanston (and about Evanston's claim) when it may not even be a proper party to the lawsuit.

5.   Third, since Willis filed the Motion to Stay, it filed an Additional Motion to Dismiss Plaintiff Evanston Insurance Company's Claims and Motion for Judgment on the Pleadings as to Plaintiff Skilstaf, Inc. for Failure to Join Indispensable Party [Doc. 27, filed Feb. 8, 2006], arguing that Plaintiffs' claims against Willis should be dismissed because Travelers Casualty and Surety Company of America ("Travelers") is a necessary and indispensable party to this lawsuit, and Plaintiffs failed to sue Travelers. That additional motion affects the claims of both Evanston and Skilstaf against Willis, and it should also be resolved before any further

---

[2] Plaintiffs give no indication in the Motion to Amend Stay as to which depositions "are critical to factual issues in this case," as presumably every deposition would fit in that category.

discovery is conducted because the outcome of it could possibly involve bringing in yet another party to the litigation (Travelers) that would need to be present at all depositions.

6. Fourth, as this Court is aware, this case was just filed less than a year ago. However, Plaintiffs waited almost six years after the filing of the Ramstar Mills lawsuit and the denial of Travelers' coverage to Skilstaf in the Ramstar Mills lawsuit to file this case, so it is ironic that Plaintiffs are suddenly in a hurry to conduct discovery. A slight delay in this case at this point while this Court has time to consider all pending motions certainly cannot be harmful to Plaintiffs after all the time that has already elapsed.

7. Finally, in the Motion to Amend Stay, Plaintiffs incorrectly state that Willis' counsel refused to tender witnesses for depositions in its January 13, 2006, letter to Plaintiffs' counsel. See Motion to Amend Stay, ¶ 7, Exh. B. In fact, Willis' counsel offered to check on deposition dates of the requested witnesses but stated that Willis would like to first depose Plaintiffs' witnesses, as well as wait until this Court issued a ruling on the two pending dismissal motions. See Motion to Amend Stay, Exh. B, p. 1, ¶ 3. Willis does believe that logic, the burden of proof in this case, and the general structure of discovery established by the Federal Rules of Civil Procedure dictate that Willis should be allowed to depose Plaintiffs to discover all facts possessed by Plaintiffs related to their claims in this action before Willis is required to submit its witnesses to depositions.[3] As such, it would be a waste of time and judicial resources for Willis to take Plaintiffs' depositions in this case before this Court has even determined if their claims are appropriate as a matter of law.

---

[3] Willis does not believe that the order of the deposition schedule in this case is an issue that is ripe for this Court to address at this time, in light of the stay. Willis hopes that the parties can amicably resolve this issue if, and when, it becomes necessary to address and will not have to burden this Court with it.

1/1411376.1

WHEREFORE, Willis respectfully requests that this Court enforce its stay of the Uniform Scheduling Order in this case, until such time as all pending dismissal motions have been ruled on by this Court, as provided above, and deny Plaintiffs' Motion to Amend Stay.

Respectfully submitted,

s/ Rusha C. Smith
Rusha C. Smith (SMI195)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: rsmith@bradleyarant.com

-and-

George R. Parker (PAR086)
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

Attorneys for Defendant
Willis Insurance Services of Georgia, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 10th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Tabor R. Novak, Jr., Esq.
      Ball, Ball, Matthews & Novak
      2000 Interstate Park Drive, Suite 204
      Montgomery, AL 36102-2148

      Regina McCabe, Esq.
      Boundas, Skarzynski, Walsh & Black, LLC
      200 E. Randolph Drive
      Suite 7200
      Chicago, IL 60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      None

      Respectfully submitted,

      s/ Rusha C. Smith
      Rusha C. Smith
      Bradley Arant Rose & White LLP
      One Federal Place
      1819 Fifth Avenue North
      Birmingham, AL 35203-2104
      Telephone: (205) 521-8000
      Facsimile: (205) 521-8800
      E-mail: rsmith@bradleyarant.com

1/1411376.1