IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and SKILSTAF, INC., a corporation, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:05-cv-545 ) ) |
| WILLIS INSURANCE SERVICES OF GEORGIA, INC. (f/k/a WILLIS CORROON CORPORATION OF GEORGIA, INC.), | ) ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO DISMISS AND MOTION FOR JUDGMENT
ON THE PLEADINGS**

In response to the Defendant's Motion to Dismiss the claims of Evanston Insurance Company ("Evanston") and for a judgment on the pleadings as to the Plaintiff SkilStaf, Inc. (SkilStaf) for failure to include Travelers Casualty Company of America (Travelers) as a defendant in this cause, the Plaintiffs set forth as follows;

**A. The Facts Before the Court**

In that this matter is before the Court on a Motion to Dismiss the claims of Evanston and for judgment on the pleadings against SkilStaf, the Court may look only to the allegations contained within the complaint which must be taken as true. *Financial Federated Title & Trust, Inc. v. Asset Base Resources International, Ltd.*, 252 B.R. 840, 841, 47 Fed.R.Serv 3d 797 (USBC, SD Fla. 2000).

The First Amended Complaint establishes that in September 1997, SkilStaf entered into a contract with Willis Insurance Services of Georgia (Willis) wherein Willis

1

agreed to provide certain services to SkilStaf including those commonly described as insurance broker services.  (Amended Complaint ¶1)

Pursuant to the provisions of that Contract, Willis procured an insurance policy from Travelers which insured SkilStaf against certain claims and losses.  (Amended Complaint ¶5)

In 1999, SkilStaf was sued by Ramstar Mills.  (Amended Complaint ¶6)  Pursuant to its Contract with Willis, SkilStaf requested Willis "to put on notice any and all pertinent carriers that might be affected" by the Ramstar claim.  (Amended Complaint ¶8)

Acting on that request, on March 3, 1999, Willis undertook to provide notice to the pertinent carriers who might be affected by the Ramstar claim.  Willis provided notice to three of SkilStaf's insurance carriers but failed to notify Travelers of the claim.  (Amended Complaint ¶8)

Willis finally provided notice of the Ramstar claim to Travelers on June 17, 1999.  (Amended Complaint ¶9)

Thereafter, Travelers requested SkilStaf to submit a Proof of Loss for consideration under the policy.  Willis improperly advised SkilStaf to include on the Travelers Proof of Loss, the date of January 8, 1999 as the discovery by SkilStaf of the date of the Ramstar claim.  (Amended Complaint ¶10)

On July 20, 1999 Travelers denied coverage to SkilStaf because SkilStaf's June 17, 1999 First Notice of Loss (as sent by Willis to Travelers) came more than 120 days after January 8, 1999, the date Willis improperly advised SkilStaf to show as the date of the discovery of the loss.  (Amended Complaint ¶11)

The Travelers policy requires notice of loss to be sent to it within 120 days from the date of the insured's discovery of the loss. Had Willis properly advised SkilStaf as to the correct date of loss to include the Travelers Proof of Loss and, had Willis timely provided Travelers with notice of the Ramstar claim, Travelers would have been obligated to defend and indemnify SkilStaf in accordance with the terms and provisions of the policy issued by Travelers to SkilStaf. (Amended Complaint ¶11) The breaches of Willis of its duties under the Contract caused injuries to SkilStaf as set out in the Complaint. (Amended Complaint ¶¶14, 15 and Demand for Relief)

Because Travelers denied coverage, Evanston provided SkilStaf with a legal defense in the Ramstar lawsuit which was settled upon payments by SkilStaf and Evanston. (Amended Complaint ¶12)

By virtue of subrogation provisions in its policy, Evanston subrogated to certain rights of SkilStaf entitling Evanston to recovery against Willis as well.

### B. Willis Has No Right to a Dismissal of the Claims of Evanston nor for a Judgment as a Matter of Law on the Claims of SkilStaf.

Willis contends that Travelers is a "necessary and indispensable party" within the meaning of the provisions of Rule 19(a) (2) Fed.R.Civ.P. It then leaps to the assertion that for failure of the Plaintiffs to include a necessary party as a defendant, this matter is due to end by dismissal and judgment.

Not only is the reasoning of Willis flawed with respect to the characterization of Travelers as a necessary party, but it seeks relief which is inappropriate and unavailable were its reasoning correct.

3

In *WMX Technologies, Inc. v. Jackson*, 168 F.R.D. 64 (U.S.D.C. MD Al. 1996) the United States District Court for the Middle District of Alabama has provided an outline of the analysis which the Court must make when a defendant moves to dismiss a claim for the alleged failure of a plaintiff to join indispensable parties under Fed.R.Civ.P. 19.

> When deciding whether a party is indispensable, the district court must first determine whether the party in question is a necessary party to the action under Fed.R.Civ.P. 19(a). See *Provident Tradesmens Bank*, 390 U.S. at 118, 88 S.Ct. at 742; see also *Florida Ins. Guar. Ass'n, Inc. v. Carey Canada, Inc.,* 123 F.R.D. 356, 357-58 (S.D. Fla. 1988)); *Spiller v. Tennessee Trailers, Inc.,* 97 F.R.D. 347, 348 (N.D. Ga. 1982). If the party is necessary, but joinder would deprive the court of subject matter jurisdiction, the district court must then determine under Fed.R.Civ.P. 19(b) whether 'in equity and good conscience' the action should proceed among the parties before it, or alternatively, whether it should be dismissed. See *Provident Tradesmens Bank*, 390 U.S. at 102, 88 S.Ct. at 733 ('the decision to proceed is a decision that the absent person is merely 'necessary' while the decision to dismiss is a decision that he is 'indispensable'; see also *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667 (11th Cir. 1982); *Haas v. Jefferson National Bank, (5th Cir.1971); Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir.1970).

As noted in Rule 19(a), should this Court find Travelers to be a "necessary party" the appropriate remedy is for the Court to order that Travelers be made a party to the litigation. The consideration for dismissal occurs only where the Court determines under Rule 19(b) Fed.R.Civ.P. that the joinder of a necessary party is not feasible. It must be noted that the court would make a determination of whether or not the cause should be dismissed upon failure to include a necessary party **only** where the inclusion of that party would defeat jurisdiction.

In analyzing an argument that the failure to include an indispensable party warranted dismissal the U.S. District Court for the Southern District of New York has stated in a recent opinion published in Westlaw only:

> Defendants' fall-back position is that the CVC Fund was an indispensable party whose absence required dismissal of the action. The argument, however, lacks merit.
>
> The question whether a party is indispensable is governed by Rule 19. A court first determines whether the allegedly indispensable party is "necessary" within the meaning of Rule 19(a). If it is necessary, the court either must order its joinder or, if joinder is not feasible, determine under Rule 19(b) whether its presence is indispensable to proceeding with the action.
>
> A party is "necessary" within the meaning of Rule 19(a) if complete relief cannot be granted in its absence or the party claims an interest in the subject matter of the action: "and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.,* ____ F.Supp. 2d _____, 2006, 2006 WL 223190 (S.D.N.Y.) at p.4.

As in the *WMX case* supra., SkilStaf and Evanston make no claim against Travelers. They contend that the breach of contract by Willis caused them to fail to meet the Travelers policy conditions which were a requisite for insurance coverage to which SkilStaf would otherwise have been entitled. SkilStaf and Evanston may obtain complete relief **against Willis** for the alleged breach of contract **by Willis**. It is totally illogical for the defendant to assert that Travelers is a necessary party to this litigation

5

when the plaintiffs make no claim against Travelers, where the relief sought has no effect no Travelers, and Travelers claims no interest in the outcome of the litigation.

Though it has no bearing on the issues currently before the Court, the question of whether Travelers would have provided a defense and indemnity to SkilStaf had the policy conditions been met may possibly arise in the future. Willis seems to contend that the only means that the coverage issues can be resolved is by making Travelers a defendant. Travelers can supply the same evidence that may be required to explore this issue whether or not it is a defendant. The rights, duties, responsibilities and liabilities of parties to contracts of insurance are routinely declared by courts without testimony, but by examining the four corners of an insurance contract. Typically the parties to the contract are parties to the litigation in that their rights are affected by the outcome of the declaratory judgment action. Such is not the case here, as the plaintiffs make no claim that Travelers breached its insurance contract, but assert their claims against Willis only.

It is important to note that SkilStaf has not claimed Travelers breached its contract of insurance and, SkilStaf is barred from doing so by the applicable statute of limitations. Travelers is not exposed to an adverse impact by any decision of this Court.

The Middle District of Alabama has compared in *Midwest Employers Casualty Company v. East Alabama Health Care* ,170 F.R.D. 195 (U.S.D.C. M.D. Al. 1996) the practical considerations created by Rule 19(a)(2) and Rule 24(a)(2) in determining what the definition is of an "interest" in the litigation. The court has stated at pages 197,198:

> The interest must be one that is direct, substantial, and legally protectable and the putative intervenor must be at least a real party in interest in the transaction which is subject of the proceeding.

Travelers has no interest in the outcome of this litigation. It cannot be called upon to pay under its policy, as any such claim is now barred as a matter of law. It could be indispensable only if "there is no way to structure a judgment in the absence of the party that will protect both the party's own rights [those of Travelers] and the rights of the existing litigants". *Thomas v. U.S.,* 189 F.3rd 662, 667 (7th Cir. 1999).

The defendant concedes in paragraph 4 of its Brief that there is nothing which this Court can do in this case which will bind Travelers legally. There will be no effect of the final decision in this case upon Travelers.

Nor is there any suggestion that SkilStaf could assert any claim against Travelers under the policy in light of the fact that it affirmatively appears that the statute of limitations bars any such claim.

In seeking to forward its position for dismissal, the defendant asks this Court to rely on *Staten Island Hospital v. Alliance Brokerage Corp.,* 137 A.D. 2d 674 (N.Y. App.Div. 1988), a case decided under the New York Rules of Civil Procedure as opposed to the Federal Rules of Civil Procedure. This case has no legal import herein, in that it was decided under the New York Rules of Civil Procedure as opposed to the Federal Rules of Civil Procedure. It is interesting to note that while dismissal was the appropriate relief in the *Staten Island* case, the dismissal came with the right of the plaintiff to bring a new action in six months for its failure to include a necessary party as a defendant in the case. The federal rules have no such provision but provide the

remedy of joinder of the necessary party as opposed to the dismissal of and later refilling of the suit.

Also, the case of *Pensacola Junior College v. Montgomery*, 539 So.2d 1153 (Fla. Dist. Ct. App. 1989) is predicated on the Florida Rules of Civil Procedure as opposed to the Federal Rules of Civil Procedure.

In *Ranger Ins. Co. v. United House of N.M., Inc.,* 488 F.2d 682 (5th Circ. 1974) the court is scrutinizing a declaratory judgment action between insurer and insured and assessing the effect of the absence of the claimants against the insured in the litigation. In *Ranger* the court affirmed a dismissal where an insurer, who brought a declaratory judgment proceeding against its insured seeking determination that its policy did not provide coverage, failed to join claimants against the insured.

In that case, the omitted parties clearly claimed an interest in the outcome of the proceedings.

The *Ranger* court recognized the necessity for the inclusion of the claimant parties. It further recognized that direct practical effects upon the non-joined parties would occur as a product of a declaratory judgment action which omitted their presence. It further recognized that a judgment in the declaratory judgment action, without the presence of the claimants would not finally resolve the issue.

An alternative remedy was available to the carrier in *Ranger* upon the dismissal, in that it could seek relief in a declaratory judgment action in a state court in Texas. There is no suggestion that were this case dismissed, it could be more efficiently conducted in another forum or in fact, even conducted at all in another forum.

## C. Conclusion

The continuing efforts of Willis to avoid the consequences of its breach of contract by asserting motions to dismiss and/or for judgment on the pleadings in avoidance of joining issue are again misplaced and due to be denied.

BALL, BALL, MATTHEWS & NOVAK, P.A.


/s/Tabor R. Novak, Jr.  NOV001


2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone:  334/387-7680
Telecopier:  334/387-3222

Regina K. McCabe, Esq.
Boundas, Skarzynski, Walsh & Black, LLC
200 E. Randolph Drive, Suite 7200
Chicago, Illinois 60601
Telephone: 312/946-4299
Telecopier: 312/946-422
Email:  mccabe@bswb.com

As Attorneys for the Plaintiffs


CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rusha Christina Smith, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Email:  rsmith@bradleyarant.com; cadkins@bradleyarant.com

George Robert Parker, Esq.
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
gparker@bradleyarant.com; rpatterson@bradleyarant.com

        /s/Tabor R. Novak, Jr. – NOV001
        OF COUNSEL