IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EVANSTON INSURANCE COMPANY and )
SKILSTAF, INC., a corporation,               )
                                                            )
        Plaintiffs,                                     )
                                                            )
v.                                                          )         CASE NO. 3:05-cv-545
                                                            )
WILLIS INSURANCE SERVICES OF         )
GEORGIA, INC. (f/k/a WILLIS CORROON )
CORPORATION OF GEORGIA, INC.),       )
                                                            )
        Defendants.                                   )

---

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL DOCUMENTS

---

Plaintiffs Evanston Insurance Company and Skilstaf, Inc. ("Plaintiffs") and Defendant

Willis Insurance Services of Georgia, Inc. (f/k/a Willis Corroon Corporation of Georgia, Inc.)

("Willis" or "Defendant") (hereinafter the "Parties"), through their counsel, have jointly moved this

Court for a Protective Order, under Fed. R. Civ. P. 26(c), containing the following protective

provisions concerning certain documents or information that the Parties have or will provide each

other, in response to discovery, in this action.   Understanding the sensitive, proprietary, and

confidential nature of the documents and information, it is hereby **ORDERED, ADJUDGED,**

**AND DECREED** as follows:

1.      All documents and information, subject to the terms of this Protective Order, shall

be referred to as "Protected Materials" and shall be designated as "Confidential" in writing by the

Producing Party by either stamping or otherwise inscribing the words "Confidential, Subject to Protective Order" upon the document itself. Protected Materials shall include:

    a.    all documents, computer disks, information, and tangible materials, if any, that Plaintiffs produce from the underlying lawsuit filed in the Superior Court of Burke County, Georgia, and styled *Ramstar Mills v. SkilStaf, Inc., et al.*, Civil Action No. 99-v-26 (hereinafter referred to as the "Ramstar Mills lawsuit"), and related to, referring to, or arising from the settlement of the Ramstar Mills lawsuit in November 2003;

    b.    all other documents, computer disks, information, and tangible materials that the Parties jointly agree shall be subject to the terms of this Protective Order; and

    c.    all copies, notes, or work product derived from the above.

If a Party seeks to make documents subject to the terms of this Protective Order, under subsection b. above, the other Parties shall not disagree, without a genuine, good faith reason for opposing the first Party's request for confidentiality. The Parties may waive, in writing, any confidential treatment for documents or information by advising the other Parties, in writing, of such waiver. If a Party believes that the Party seeking confidentiality does not have reasonable interests in or rights to confidentiality as to particular documents or information designated by the second Party as Protected Materials, then the first Party may seek an Order from this Court recognizing that particular documents or information should not be, and thus are not, Protected Materials, subject to the terms of this Protective Order. Pending resolution by this Court, however, such designated materials shall remain confidential, and, subject to provisions of the Order, so as not to delay production because of any dispute as to confidential status.

2.    The Parties shall permit only the following persons, who shall be referred to herein as their "Authorized Representatives," to have access to Protected Materials:

      a.    Counsel for any Party in this action who is engaged in the preparation of this action.

      b.    Secretaries, paralegal assistants, and clerical personnel who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action.

      c.    Past, present or future officers and employees of any Party in this action who are engaged in assisting counsel for that party (as described in item A of this paragraph) in the preparation of this action.

      d.    Persons who saw or had access to such Protected Materials prior to adoption of this Order. In addition, Protected Materials may be shown to any potential witness in connection with this lawsuit.

      e.    Persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for any of the Parties to adequately prepare such witnesses to testify.

      f.    Outside consultants and experts retained for the purpose of assisting in the preparation of this action.

The Parties shall ensure that each Authorized Representative who reviews or is given access to Protected Materials is aware of, reads, and agrees to comply with this Protective Order.

3.    All Protected Materials shall be made available to and be used by the Parties or their Authorized Representatives solely for this action and for no other purpose. The Parties and their Authorized Representatives shall treat Protected Materials as secret and confidential. The Parties and their Authorized Representatives shall take all reasonable precautions to ensure that no person, other than the Parties and their Authorized Representatives, review or are given access to Protected Materials.

4.     If the Parties file any written testimony, exhibit, brief, or other submission that includes or incorporates all or parts of Protected Materials, all portions thereof referring to such materials shall be filed and served in sealed envelopes or other appropriate containers endorsed to the effect that they are sealed, pursuant to this Protective Order.  Such materials shall be marked "PROTECTED MATERIALS" and filed under seal with the Clerk, the seal shall be opened only by this Court, and a copy marked in the same manner as the original shall be served upon the opposing attorneys.  Where possible, only the confidential portion of filings with this Court shall be filed under seal.

5.     If any Party desires to use any Protected Materials in testimony or as exhibits during trial, that Party shall give notice to the other Party's attorneys.  Except for material used in rebuttal or for impeachment, the Party wishing to use such Protected Materials shall provide this notice the earlier of one week before the date set for trial or when the Party makes its trial exhibits available for inspection.  This notice is required to allow the other Party to object, if they believe appropriate, by filing a motion for protective order before the Protected Materials are used.

6.     Nothing that occurs in this action shall be construed as waiving or diminishing the Parties' interests in and rights to the confidentiality of the Protected Materials, except where the Parties may expressly waive such protection as provided in Paragraph 1.

7.     Nothing in this Protective Order shall be construed as precluding the Parties from objecting to the use of Protected Materials on grounds other than confidentiality or be construed as

–4–

relevant to the issue of whether any document or information is or is not admissible into evidence in this action. Such objections at trial are to be governed by this Court's orders.

8.    All notices, discovery responses, correspondence, depositions, testimony, hearings, and other public proceedings shall be made in a manner that protects the confidentiality of Protected Materials, pursuant to this Protective Order.

9.    No later than thirty (30) days following conclusion of this action, which includes the conclusion of any and all appeals, the Parties or their Authorized Representatives shall return all copies of Protected Materials to the attorneys of the Party originally producing them, together with a verified certification that, to the best of their and their Authorized Representatives' knowledge, information, and belief, all Protected Materials have been returned or destroyed.

10.    Paragraphs 3 and 9 above shall not apply to Protected Materials offered at trial, unless the Protected Materials are subject to another protective order entered by this Court specifically at the request of a Party for the particular exhibit or exhibits.

11.    The terms of this Protective Order shall become effective when it is mutually executed by the respective attorneys for the Parties and shall survive and remain in full force and effect after conclusion of this cause of action.

By: _____        By: _____
    Attorney for Plaintiffs                  Attorney for Defendant


Dated: February ____, 2006

                                  _____
                                    Judge Susan Russ Walker