IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and ) | |
| SKILSTAF, INC., a corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:05-cv-545 |
| ) | |
| WILLIS INSURANCE SERVICES OF ) | |
| GEORGIA, INC. (f/k/a WILLIS CORROON ) | |
| CORPORATION OF GEORGIA, INC.), ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT WILLIS INSURANCE SERVICES OF GEORGIA, INC.'S MOTION TO RECONSIDER COURT'S MEMORANDUM OPINION DENYING DEFENDANT'S ADDITIONAL MOTION TO DISMISS PLAINTIFF EVANSTON INSURANCE COMPANY'S CLAIMS AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF SKILSTAF, INC. FOR FAILURE TO JOIN INDISPENSABLE PARTY**

Defendant Willis Insurance Services of Georgia, Inc. ("Willis" or "Defendant"), by and through its counsel of record, submits the following Motion to Reconsider Court's Memorandum Opinion (Doc # 33, filed March 16, 2006) Denying Defendant's Additional Motion to Dismiss Plaintiff Evanston Insurance Company's Claims and Motion for Judgment on the Pleadings as to Plaintiff Skilstaf, Inc. for Failure to Join Indispensable Party (Doc # 27, filed Feb. 8, 2006). In support of this motion, Willis states as follows:

1. In Plaintiffs' Response to Defendant's Motion to Dismiss and Motion for Judgment on the Pleadings (Doc # 30, filed Feb. 27, 2006) ("Plaintiffs' Response"), which was filed by Plaintiff Evanston Insurance Company ("Evanston") and Plaintiff Skilstaf, Inc. ("Skilstaf") (hereinafter jointly referred to as "Plaintiffs"), they acknowledge that no claims have been made against Travelers Casualty and Surety Company of America ("Travelers") in this lawsuit, specifically providing that Skilstaf has not claimed that Travelers breached its insurance

1

contract with Skilstaf.  As a result, Plaintiffs also argue that Travelers will not be exposed to an adverse impact in this case by any decision of this Court.  Plaintiffs' Response, p. 6.  Even though Travelers may not be *legally* bound *in this case* by any decision of this Court as to the scope of coverage or enforceability of the Travelers policy, such a decision in this case could have very serious *practical* effects against Travelers *in other cases*.  For example, if this Court decides that the Travelers policy would have covered Skilstaf's loss, or if this Court decides that proper notice was given to Travelers, if Travelers was not able to provide a defense or explanation as to the Travelers policy, such a decision could detrimentally affect Travelers' ability to prosecute or defend subsequent claims and/or litigation involving the same type of insurance policy.  While apparently Plaintiffs would have no objection to this Court making such a decision without Travelers being present in the case or having representation when such a decision might be made, it appears that Travelers' absence is exactly what this Court would want to avoid, since an Order issued by this Court regarding the scope of coverage or enforceability of the Travelers policy could be construed as either precedent or persuasive legal authority in pending and future cases against Travelers.[1]

Further, Plaintiffs, making light of Travelers potentially being a necessary and indispensable party in this case, without citation to authority, state that "the rights, duties, responsibilities and liabilities of parties to contracts of insurance are routinely declared by courts without testimony, but by examining the four corners of an insurance contract."  Plaintiffs' Response, p. 6.  Even though there are insurance cases, particularly declaratory judgments, resolved based solely on the language of the insurance contracts, Plaintiffs ignore the fact that

---

[1] Travelers not being a named party could also affect the ability of Willis to conduct discovery and/or take the deposition of a 30(b)(5) or (6) witness that would have otherwise have been made available under the rules if Travelers was a party.  Such discovery is necessary to provide insight as to the history of litigation concerning the policy and/or coverage issues, including issues regarding notice.

the insurance company is almost always party in those cases, is represented by counsel, and is able to defend the actions of the insurance company and argue issues concerning the scope of coverage or enforceability of the insurance policy at issue.

2. One of the key issues that certainly would have to be decided in this case would be the availability of coverage to Skilstaf under the Travelers policy for the Ramstar Mills lawsuit. If this Court were to determine that there was no insurance coverage for Skilstaf under the Travelers policy for the Ramstar Mills lawsuit, the dynamic of this case would change because, under those circumstances, Plaintiffs' allegations against Willis would be moot.

If it was determined that Travelers had proper notice of the Ramstar Mills lawsuit and/or that Travelers owed insurance coverage to Skilstaf for the Ramstar Mills lawsuit and this case was not more than six years old, there is no question that Plaintiff would obviously want Travelers to be added into this case as a necessary and indispensable party. However, Plaintiffs take the position that there is no need for Travelers to be added to this case because any potential claims against Travelers are time-barred by the statute of limitations (stated otherwise, Plaintiffs acknowledge that they did not timely file a claim against Travelers). Plaintiffs should not be allowed to exclude Travelers, a party that is a necessary and indispensable party to this case, simply because Plaintiffs do not believe that there would be any liability owed by Travelers to Plaintiffs.

3. The fact that Plaintiffs have failed to join Travelers before the running of the statute of limitations, however, is fatal to Plaintiffs' cause of action against Willis. As Plaintiffs admit, Travelers cannot now be joined because the statute of limitations bars Plaintiffs' claim as

against Travelers[2] and an amended complaint joining Travelers at this point would not relate back. "The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a *mistake* about the *identity* of the defendant. . . . [E]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." Powers v. Graff, 148 F.3d 1223, 1226-27 (11th Cir. 1998) (emphasis added) (internal quotations and citations omitted); see also Nobles v. Rural Comm. Ins. Servs., 303 F. Supp. 2d 1279, 1287 (M.D. Ala. 2004). As in Powers, Plaintiffs in this case have deliberately elected, for whatever reason, not to sue a proper party needed for just adjudication, namely, Travelers; the statute of limitations has run; and Travelers cannot now be joined by amended complaint. Since Travelers cannot be joined and this Court cannot proceed among the parties before it without doing substantial prejudice to Travelers' interests, this Court should dismiss all claims against Willis. See Upshaw v. Equitable Life Assurance Soc'y, 85 F.R.D. 674 (E.D. Ark. 1980) (dismissing entire cause of action against named defendant where plaintiff showed "inexcusable neglect" in failing to join absent party before running of statute of limitations, and absent party was indispensable party).

WHEREFORE, Defendant requests that this Court reconsider its March 16, 2006, Memorandum Opinion, in particular its denial of Defendant's Additional Motion to Dismiss Plaintiff Evanston Insurance Company's Claims and Motion for Judgment on the Pleadings as to Plaintiff Skilstaf, Inc. for Failure to Join Indispensable Party, and grant the same.

---

[2] According to the Complaint, Travelers denied coverage in July 1999, at which point Plaintiffs' cause of action began to accrue. See Hackleburg Church of Christ v. Great Am. Ins. Cos., 675 So. 2d 1309, 1311 (Ala. Civ. App. 1995), *reh'g denied*, *cert. denied* (holding six-year limitations period under ALA. CODE § 6-2-34 applies to actions by insured against insurer under insurance contract and period begins to run when insurer refuses to pay for damages sustained by insured).

1/1436081.1

       Respectfully submitted,


       s/ Rusha C. Smith
       Rusha C. Smith (SMI195)
       BRADLEY ARANT ROSE & WHITE LLP
       One Federal Place
       1819 Fifth Avenue North
       Birmingham, AL 35203-2104
       Telephone: (205) 521-8000
       Facsimile: (205) 521-8800
       E-mail: rsmith@bradleyarant.com

       -and-

       George R. Parker (PAR086)
       BRADLEY ARANT ROSE & WHITE LLP
       Alabama Center for Commerce
       401 Adams Avenue, Suite 780
       Montgomery, AL 36104
       Telephone: (334) 956-7700
       Facsimile: (334) 956-7701
       E-mail: gparker@bradleyarant.com

       Attorneys for Defendant
       Willis Insurance Services of Georgia, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Tabor R. Novak, Jr., Esq.
> Ball, Ball, Matthews & Novak
> 2000 Interstate Park Drive, Suite 204
> Montgomery, AL 36102-2148
>
> Regina McCabe, Esq.
> Boundas, Skarzynski, Walsh & Black, LLC
> 200 E. Randolph Drive
> Suite 7200
> Chicago, IL 60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None

Respectfully submitted,

s/ Rusha C. Smith
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: rsmith@bradleyarant.com