IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY and ) | |
| SKILSTAF, INC., a corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:05-cv-545 |
| ) | |
| WILLIS INSURANCE SERVICES OF ) | |
| GEORGIA, INC. (f/k/a WILLIS CORROON ) | |
| CORPORATION OF GEORGIA, INC.), ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF EVANSTON INSURANCE COMPANY'S
FIRST AMENDED COMPLAINT**

Defendant Willis Insurance Services of Georgia, Inc. ("this Defendant"), Defendant in the above-styled cause, answers the First Amended Complaint of Plaintiff Evanston Insurance Company ("Evanston" or "Plaintiff"), as follows:

**First Defense**

1. This Defendant admits that it agreed to serve as an insurance broker for Plaintiff Skilstaf, Inc. ("Skilstaf") for a period of time at issue in the lawsuit. This Defendant further states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. Any other material averments, if any, contained in Paragraph 1 of the First Amended Complaint are denied.

2. This Defendant admits that it agreed to serve as an insurance broker for Skilstaf for a period of time at issue in the lawsuit, in exchange for a fee for services to be paid by Skilstaf to this Defendant. This Defendant further states that, to the extent a contract exists, the

1

contract described herein and its contents speak for themselves. Any other material averments, if any, contained in Paragraph 2 of Plaintiff's First Amended Complaint are denied.

3. Paragraph 3 of Plaintiff's First Amended Complaint states a legal conclusion, which does not require a response from this Defendant, and, therefore, it denies the same.

4. This Defendant admits that Evanston insured SkilStaf at the time specified in the First Amended Complaint. Any other material averments, if any, contained in Paragraph 4 of Plaintiff's First Amended Complaint are denied.

5. This Defendant admits the allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint.

6. On information and belief, admitted.

7. This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

8. This Defendant states that, to the extent a contract exists, the contract described herein and its contents speak for themselves. At this time, this Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

9. This Defendant admits that from its review of documents available at this time that Willis sent Travelers Casualty and Surety Company of America a letter dated June 17, 1999, informing it of the Ramstar Mills lawsuit, and that letter references a conversation regarding the Ramstar Mills lawsuit held prior to the letter being mailed on June 17, 1999. This Defendant denies the remaining material allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint and demands strict proof thereof.

10. This Defendant denies each and every material allegation set forth in Paragraph 10 of Plaintiff's First Amended Complaint and demands strict proof thereof.

11. This Defendant denies each and every material allegation set forth in Paragraph 11 of Plaintiff's First Amended Complaint and demands strict proof thereof.

12. Paragraph 12 of Plaintiff's First Amended Complaint states a legal conclusion, which does not require a response from this Defendant, and, therefore, it denies the same.

13. This Defendant is without sufficient information to admit or deny the allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint, and, therefore, it denies the same.

14. This Defendant denies each and every material allegation set forth in Paragraph 14 of Plaintiff's First Amended Complaint and demands strict proof thereof.

15. This Defendant denies each and every material allegation set forth in Paragraph 15 of Plaintiff's First Amended Complaint and demands strict proof thereof.

16. The unnumbered "WHEREFORE" paragraph in Plaintiff's First Amended Complaint does not require a response, but, to the extent one is deemed required, this Defendant denies the same and demands strict proof thereof.

## Second Defense

This Defendant pleads the general issue.

## Third Defense

This Defendant contests the injuries and the nature, type, and amount of damages alleged in Plaintiff's First Amended Complaint and, therefore, demands strict proof of any alleged injury or damage.

### Fourth Defense

This Defendant states that it is not indebted or liable to Evanston in any manner or amount whatsoever.

### Fifth Defense

The Defendant asserts that Evanston failed to satisfy certain conditions precedent to the contract.

### Sixth Defense

This Defendant asserts the defense of accord and satisfaction.

### Seventh Defense

This Defendant asserts the defense of payment and the defense of credit.

### Eighth Defense

This Defendant asserts the defense of ratification.

### Ninth Defense

This Defendant asserts the defense of release.

### Tenth Defense

This Defendant asserts the defense of recoupment.

### Eleventh Defense

This Defendant asserts the defense of setoff.

### Twelfth Defense

This Defendant pleads *forum non conveniens*.

### Thirteenth Defense

This Defendant denies that it breached any legal duty owed to Evanston and denies that its actions or inactions caused Plaintiff's alleged damages.

1/1439154.1

### Fourteenth Defense

Evanston's claims are barred by the doctrines of laches, waiver, and estoppel.

### Fifteenth Defense

This Defendant denies that it proximately caused any of the damages alleged in Plaintiff's First Amended Complaint.

### Sixteenth Defense

This Defendant states that the sole proximate cause of the injuries and damages alleged in Plaintiff's First Amended Complaint may have been the actions, non-actions, or negligence of a person or persons other than this Defendant for whose actions, non-actions, or negligence this Defendant is in no way liable. Evanston is, therefore, entitled to recover from this Defendant in this action.

### Seventeenth Defense

This Defendant states that the injuries and damages alleged in Plaintiff's First Amended Complaint may have been caused by an intervening, superseding action for which this Defendant is in no way liable. Evanston is, therefore, entitled to recover from this Defendant in this action.

### Eighteenth Defense

This Defendant asserts the defense of contributory negligence.

### Nineteenth Defense

This Defendant asserts the defense of assumption of the risk.

### Twentieth Defense

This Defendant asserts the defense of failure to mitigate damages.

### Twenty-First Defense

This Defendant asserts lack of standing and lack of privity of contract.

### Twenty-Second Defense

This Defendant denies that it breached any contract with Evanston, whether express or implied.

### Twenty-Third Defense

This Defendant avers that it has acted in good faith at all times with respect to Evanston.

### Twenty-Fourth Defense

Evanston has failed to state a claim upon which punitive damages may be awarded under Alabama law, pursuant to *Ala. Code* § 6-11-20. Should this Court find that punitive damages are at issue in this case, this Defendant reserves the right to set forth additional defenses pertaining to punitive damages.

### Twenty-Fifth Defense

Evanston is not entitled to relief because it has not suffered damage.

### Twenty-Sixth Defense

This Defendant avers that Evanston's claims are barred by the statute of limitations.

### Twenty-Seventh Defense

Evanston has failed to state a cause of action for which relief can be granted.

### Twenty-Eighth Defense

Evanston has failed to join indispensable parties.

### Twenty-Ninth Defense

All allegations not specifically admitted are denied.

### Thirtieth Defense

This Defendant's investigation of the claims asserted in the First Amended Complaint is ongoing, and this Defendant reserves the right to amend this Answer to add such further defenses

and claims as may be appropriate.

        Respectfully submitted,


        s/ Rusha C. Smith
        Rusha C. Smith (SMI195)
        BRADLEY ARANT ROSE & WHITE LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        E-mail: rsmith@bradleyarant.com

        -and-

        George R. Parker (PAR086)
        BRADLEY ARANT ROSE & WHITE LLP
        Alabama Center for Commerce
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        Telephone: (334) 956-7700
        Facsimile: (334) 956-7701
        E-mail: gparker@bradleyarant.com

        Attorneys for Defendant
        Willis Insurance Services of Georgia, Inc.

**C**ERTIFICATE OF **S**ERVICE

     I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

     Tabor R. Novak, Jr., Esq.
     Ball, Ball, Matthews & Novak
     2000 Interstate Park Drive, Suite 204
     Montgomery, AL 36102-2148

     Regina McCabe, Esq.
     Boundas, Skarzynski, Walsh & Black, LLC
     200 E. Randolph Drive
     Suite 7200
     Chicago, IL 60601

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

     None

     Respectfully submitted,

     s/ Rusha C. Smith
     Rusha C. Smith
     Bradley Arant Rose & White LLP
     One Federal Place
     1819 Fifth Avenue North
     Birmingham, AL 35203-2104
     Telephone: (205) 521-8000
     Facsimile: (205) 521-8800
     E-mail: rsmith@bradleyarant.com

1/1439154.1